Graham B. LippSmith (SBN 221984)
g@lippsmith.com
MaryBeth LippSmith (SBN 223573)
mb@lippsmith.com
Jaclyn L. Anderson (SBN 258609)
jla@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA  90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

Jason T. Dennett (WSBA #30686), *Pro Hac Vice Application Forthcoming*
jdennett@tousley.com
Kaleigh N. Boyd (WSBA #52684), *Pro Hac Vice Application Forthcoming*
kboyd@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA  98101
Telephone: (206) 682-5600 / Fax: (206) 682-2992

Attorneys for Plaintiffs and the Putative Classes

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CAROLYN CLARK, SHELBY COOPER, SHARON MANIER, TARIKA STEWART, and AQUILLA THOMPSON individually, and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> INCOMM FINANCIAL SERVICES, INC., a Delaware corporation, <br><br> Defendant. | Case No. 5:22-cv-01839 <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1) **VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT CAL. CIV. CODE §§ 1750, ET SEQ.;** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

**2) VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.* – UNLAWFUL BUSINESS PRACTICES;**

**3) VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.* – UNFAIR BUSINESS PRACTICES;**

**4) VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.* – UNFAIR BUSINESS PRACTICES;**

**5) BREACH OF IMPLIED CONTRACT;**

**6) BREACH OF IMPLIED CONTRACT; AND**

**7) UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

1

1    **<u>CLASS ACTION COMPLAINT</u>**

2    Plaintiffs, individually and on behalf of the Classes defined below, allege

3    the following against Defendant InComm Financial Services, Inc., doing business

4    as Vanilla Gift  ("Vanilla"), based upon personal knowledge  with respect to

5    themselves and on information and belief derived from, among other things,

6    investigation of counsel and review of public documents as to all  other matters:

7    **<u>NATURE OF THE CASE</u>**

8    1.    Vanilla sells Visa and MasterCard pre-loaded debit cards that it

9    markets for use as gifts.

10    2.    For an additional fee, consumers can purchase these pre-loaded virtual

11    and physical debit cards ("Cards") online and in retail stores across the country for

12    themselves and others ("Purchasers").

13    3.    People who receive these Cards ("Recipients") report that their Cards

14    have no value or less value than what Vanilla represented to them to have ("Face

15    Value").

16    4.    This is no mere administrative error. When Plaintiffs look up Card

17    balances on Vanilla's website (very often after having a Card rejected by a retailer),

18    the website shows specific charges made by unknown third parties ("Unauthorized

19    Users") against the pre-loaded value of the Cards.

20    5.    Vanilla has repeatedly failed to reimburse Recipients for the missing

21    value on their Cards.

6.      Plaintiffs, on behalf of themselves and other similarly situated individuals who also purchased or received Cards, seek to recover economic losses from Vanilla for breach of implied contract, violation of applicable California consumer protection statutes, and unjust enrichment.

### PARTIES

7.      Plaintiff Carolyn Clark ("Clark") is a resident of Riverside County in the State of California. Plaintiff Clark purchased a $100 Vanilla e-gift card online for her own use within the last year. When Plaintiff Clark tried to use the Face Value of the Card, it was rejected. Plaintiff Clark phoned Vanilla, and Vanilla told her to try using the Card again in a few days because some "issues" should be resolved by then. Plaintiff Clark tried using her Card again; again, the Card did not work. Plaintiff Clark has called Vanilla several times since her card was rejected a second time, but Vanilla never restored the Face Value of the Card. Plaintiff Clark has never been able to use the Face Value of the e-gift Card she purchased. Plaintiff Clark estimates that she has spent approximately 30 hours in total trying to recoup the funds she paid for her Card.

8.      Plaintiff Shelby Cooper ("Cooper") is a resident of Riverside County in the State of California. Plaintiff Cooper received seven Cards as gifts from family members in 2021. Three of Cooper's Cards had purchasing power less than the Face Value. Her fourth Card had no value. The total missing money was approximately $300.

9.      Plaintiff Sharon Manier ("Manier") is a resident of Riverside County in the State of California. Plaintiff Manier received a $100 Vanilla gift Card in December 2021. When she went to use the Card at a retailer, the Card was declined. Plaintiff Manier learned that the Card did not have any funds on it, so she called Vanilla. Plaintiff Manier recalls that Vanilla indicated that the lack of funds was a problem it could not, or would not, do anything about. Vanilla did not point Plaintiff Manier toward any claims process or other way to try to recoup the Face Value of her Card.

10.     Plaintiff Tarika Stewart ("Stewart") is a resident of Riverside County in the State of California. Plaintiff Stewart purchased a $100 Vanilla physical gift Card for her son at WalMart in December 2021. Plaintiff Stewart's son reported to her that when he attempted to use the Card, the Card had only about $2.00 on it. Plaintiff Stewart called Vanilla and verified that the Face Value had been depleted from the Card. Vanilla explained the funds were most likely depleted due to fraudulent activity. Vanilla did not point Plaintiff Stewart toward any claims process or other way to try to recoup the Face Value of the Card she purchased. Plaintiff Stewart estimates that she spent approximately 50 hours attempting to resolve the issue of depleted Face Value with Vanilla.

11.     Plaintiff Aquilla Thompson ("Thompson") is a resident of Los Angeles County in the State of California. Plaintiff Thompson purchased a $250 Vanilla e-gift card for her daughter in December 2021. Soon after receiving the

4

1   Card, Plaintiff Thompson's daughter reported that the Card had no value. Plaintiff

2   Thompson called Vanilla and verified that no funds were on the Card. Plaintiff

3   Thompson called Vanilla multiple times to have the issue rectified, unsuccessfully,

4   and described the process of trying to obtain a refund from Vanilla as nothing but

5   the runaround. Plaintiff Thompson was never provided with a Card that held the

6   Face Value of the Card she purchased, and she estimates having spent

7   approximately 6 hours during the course of one or two months trying to recoup the

8   $250 she spent on a Vanilla e-gift card.

9       12.   Each of the Plaintiffs and putative Class Members suffered injury

10  because the Card they purchased and/or received had charges made against it by

11  Unauthorized Users, or otherwise had funds depleted from the Face Value through

12  no action of the Recipient, and Vanilla did not refund the missing amount of Face

13  Value, or the fees associated with purchasing the Cards.

14      13.   Defendant InComm Financial Services, Inc. ("Vanilla"), is a

15  Delaware corporation based in Atlanta, Georgia. Vanilla is the entity managing the

16  Card program.

17              **JURISDICTION AND VENUE**

18      14.   This Court has original jurisdiction over this action under 28 U.S.C.

19  § 1332(d)(2) because: (i) there are 100 or more class members; (ii) there is an

20  aggregate amount in controversy exceeding $5,000,000, exclusive of interest and

21  costs; and (iii) there is minimal diversity because at least one plaintiff and

defendant are citizens of different states. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the conduct described in this Complaint was carried out in this district. Furthermore, Vanilla provides and markets its products and services within this district, thereby establishing sufficient contact to subject it to personal jurisdiction.

16.     At all relevant times, Vanilla was directly engaged in the business of marketing, issuing, and managing gift Cards that are the subject of this Complaint throughout the United States and the State of California.

17.     This Court has personal jurisdiction over Vanilla. Facts giving rise to this action occurred in the State of California. Vanilla has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in, and carried on a business venture in this State;  provided services in this State; committed a statutory violation within this State related to the allegations made herein; and caused injuries to Plaintiffs and putative Class Members, which arose out of the acts and omissions that occurred in the State of California, during the relevant time period.

///

///

## STATEMENT OF FACTS

18.   Purchasers can buy Vanilla Cards from retail stores or online.

19.   Purchasers can buy these Cards managed by Vanilla for set amounts at retail stores, often from a point-of-purchase display. These physical Cards are ready to use within 24 hours with no additional activation needed.

20.   Purchasers can also purchase virtual Visa debit Cards at www.vanillagift.com or other online retailers. Vanilla gives the option of delivering a physical card by mail or sending the Recipient a virtual card by email, also known as an e-gift card.

21.   Purchasers select a Card with a Face Value of between $10 and $500.

22.   Vanilla charges Purchasers a fee of at least $2.95 for each Card purchased, whether purchased in a retail store or purchased online directly from Vanilla. These fees can increase depending on the amount being purchased for the Face Value of the Card(s) and range from $2.95 to $9.95, depending on when the Cards were purchased, the gifted amounts, and the number of Cards purchased. So, for example, Vanilla may charge a purchaser of a $25 Face Value Visa gift Card a total of $29.95 ($25, plus a fee of $4.95), and charge a purchaser of a $200 Face Value Visa gift Card a total of $207.95 ($200, plus a fee of $7.95).

23.   Recipients of e-gift Cards receive an email that contains a sixteen-digit card number, an expiration date, a three-digit security code, and instructions

1    on how to use the Card to shop online.

2         24.    Recipients have complained for years that Vanilla's Cards have no

3    actual value and that Vanilla either refused to do anything about it or threw up a

4    labyrinth of customer service lines and emails that appear to have been designed

5    to cause Recipients to quit trying in frustration. The following Better Business

6    Bureau reviews, posted online, illustrate the problem:

**Complaint Type:** Billing/Collection Issues        **Status:** Resolved



06/10/2022

On 01-13-2022 I ordered four (4) *********** E-gift cards each in the amount of $200.00. They were electronically delivered on 01-15-2022. Then on 01-16-2022 the cards were used to make purchases at MAC COSMETICS ONLINE. Each of the four cards were charged the same amount: $198.10. Three of the four purchases were made at 5:13pm and the other was made at 3:13pm. I did not check back on the cards until 01-24-2022. That is when I noticed that the cards had been fraudulently used. This is also the date that I contacted Incomm. I was told to submit a dispute form and that it could take up to 90 days to receive a resolution. I have called several times to check if there has been an update but am always told the same thing. That there is no update and that they will send an email to the back office in order escalate my issue. As of today, 06-10-2022, I have been waiting an extra 47 days past the 90 day ****. Since I did not make the purchases I would like a refund of my money. I feel that I have been more than patient with Incomm and their general disregard for the customers. Please help. My Case ID is: ******** Thank you,*******

8

1

**Complaint Type:** Problems with Product/Service          **Status:** Resolved ⓘ



08/16/2022

I purchased a virtual vanilla **** from the website on 8/14/2022. A notification was sent to me by email that the card was active. I used the link to get the card information, but then when I tried to use the card for online shopping, it was rejected. It has been rejected everywhere that I have tried to use it. I have attempted to contact them many times in the last few days. Today, I talked to representative that said they would not send a replacement card and would not look into the issue. So, they have taken my money and did not send my working vanilla vise gift card. They refuse to help me or simply send a replacement card. They did not complete their part of this business transaction, even though they send an email saying they did. A hundred emails mean nothing - the card does not work and they will not resolve the issue.Order number was ********* Purchase price was $228

**Complaint Type:** Problems with Product/Service          **Status:** Resolved ⓘ



08/01/2022

I was given a gift card for an occasion a few months ago and never broke the package seal until the first attempt to use it. I attempted to use it while in ********, not knowing what the balance was because I could never get the information via the company website as advertised. The charge did not go through so I used another method of payment. Later that evening, I tried obtaining the balance again online to no avail. I called the number provided but the call would not go through. Tried the phone number again the following day to learn that there was a remaining balance of $0.02 and a pending charge of $124.98. Could never get a person on the phone so I put this aside as I was on vacation. Called again today and got someone in *************** named ******* (sp?) She told me the charge was made to a company called *********** in Georgia and provided a phone number. I called from another phone while I had the agent on the phone to learn the number was not active. If you pull up company info online, it is suspect. This is a complete scam! Vanilla **** was happy to file a complaint but that required me to complete a form with all kinds of personal information....no thank you! Again, both of these companies are scams, probably working together, and should be shut down before stealing who knows how much money from innocent people. Gift cards **** but this company needs to be investigated!

9

CLASS ACTION COMPLAINT

**Complaint Type:** Problems with Product/Service        **Status:** Answered ❓

07/29/2022

My employer ************* sent me (and many other employees) $500 Vanilla Gift Card, I activated my card in early Jan 2022 to ensure there is $500 balance, since I have heard many found out card's balance was stolen when received the card. I meant to save this $500 for someone in the family, but in early June I found the card's fund was almost gone, only ~$5 left. Someone has made two fraudulent transactions in Jan, ~ two weeks after the card was activated. I still have the card on hand. I contact the phone number on the back of card, and filed dispute form right away. However, it has been almost two month there is no updates, I sent inquiries through email (which is only communication method to dispute investigation department) but received no answer. I found out that there are many cases of fraudulent transactions with the gift cards issued by Incomm Payments. I don't understand how this company holds no responsibility of issuing gift cards with very little security. I was not informed regarding how and when this will be resolved, and any guarantees that I will get my money back. They should at least provided me an update regarding the investigation, instead keeping telling me to wait for 3 month, which is incredibly long time without any updates. What if Incomm Payments deny those transactions (which occurred in ************* as I was told) were fraudulent, what can I do then?

25.     Recipients and Purchasers have been reporting this problem to Vanilla online and by other means at least as far back as 2018, yet Vanilla continues to market and sell Cards as though they contain the Face Value and as though the Face Value is available for spending.

## CLASS ALLEGATIONS

26.     Under Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiffs bring this action as a class action on behalf of the Classes of persons defined as:

**California Recipient Class:** All California residents who are Recipients of any Vanilla gift card that, through no action by the Recipient, had less than the Face Value amount of funds when they went to use the card.

**California Purchaser Class:** All California residents who are Purchasers of a Vanilla gift card that, through no action by the Purchaser or Recipient, had less than the Face Value amount of funds when either the Purchaser or a Recipient went to use the funds on the card.

CLASS ACTION COMPLAINT

27.     Excluded from the Classes are Vanilla and any entities in which it has a controlling interest, Vanilla's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

28.     **Numerosity**. The Classes are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, based on publicly available information, that there are tens of thousands of Class Members in both the California Recipient Class and the California Purchaser Class, making joinder impracticable. Those individuals' identities are available through Vanilla's records, and Class Members may be notified of the pendency of this action by recognized, Court-approved notice methods. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

29.     **Commonality**. Plaintiffs and the Classes share a number of common questions of law and fact, including—but not limited to—the following:

> a.  Whether Vanilla marketed and sold Cards as purporting to contain the Face Value of the Cards while knowing that a substantial portion of their Cards in fact held less than the Face Value;
>
> b.   Whether Vanilla withheld information from Purchasers and Recipients about its Cards holding less than their Face Value;

c. Whether Vanilla failed to safeguard its Cards against fraud and/or other security threats;

d. Whether Vanilla failed to implement additional security measures for its Cards once it was aware of instances of fraud on those Cards;

e. Whether Vanilla failed to provide refunds or replacement funds for Cards that had funds wrongfully depleted;

f. Whether Vanilla failed to provide refunds of fees associated with the purchase of Cards that had funds wrongfully depleted;

g. Whether Vanilla employed a prohibitive and discouraging process of handling reports of wrongfully depleted funds in an effort to avoid paying refunds or providing replacement funds;

h. Whether Vanilla is liable for violating the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*;

i. Whether Vanilla is liable for violating the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

j. Whether Vanilla breached implied contracts with Purchasers and Recipients;

k. Whether Vanilla was unjustly enriched by the acts and omissions alleged herein;

12

l.   Whether Plaintiffs and the Classes are entitled to punitive

damages; and

m. Whether other, additional relief is appropriate and the nature of

such relief.

30.   **Typicality**. Plaintiffs' claims are typical of the claims of the Classes. Plaintiffs' claims, like the claims of the Classes, arise out of the same common course of Vanilla's conduct. Specifically, as a Recipient whose Card contained less than the Face Value, Recipient Plaintiffs assert claims that are typical of each Recipient Class Member whose Card contained less than the Face Value. As a Purchaser of a Card that contained less than the Face Value, Purchaser Plaintiffs assert claims that are typical of each Purchaser Plaintiff who paid fees for a Card with full Face Value that could not be used by the Recipient.

31.   **Adequacy**. Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

///

///

13

CLASS ACTION COMPLAINT

32.     **Predominance Under Fed. R. Civ. P. 23(b)(3)**. Vanilla has engaged in a common course of conduct toward Plaintiffs and the Classes. The common issues arising from this conduct that affect Plaintiffs and the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

33.     **Superiority Under Fed. R. Civ. P. 23(b)(3)**. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Vanilla to comply with applicable law. The interest of individual Class members in individually controlling the prosecution of separate claims against Vanilla is small because the damages in any individual action are small. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

34.     **Appropriateness of Final Injunctive Relief Under Fed. R. Civ. P. 23(b)(2)**. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Vanilla. Such individual actions would create a risk of adjudications that would be dispositive of the interests of other Class Members and would impair those

14

interests. Vanilla has acted and/or refused to act on grounds generally applicable to the Classes, making final injunctive relief or corresponding declaratory relief appropriate.

35.    Injunctive relief is particularly necessary in this case because: (1) Plaintiffs and the Classes want to use the Face Value of their Cards; (2) Plaintiffs and putative Class Members may purchase or receive Cards in the future; (3) Vanilla has not cured any security defect that is leading to Cards holding less than their Face Value; and (4) Plaintiffs and the Classes do not have the ability to determine whether Vanilla intends to (a) remedy the security defect(s), or (b) continue to conceal material information about whether the Cards hold their full Face Value. Indeed, Plaintiffs and putative Class Members expect that without injunctive relief, Vanilla will continue to sell Cards that will have less than Face Value when Recipients use, or try to use, them and will continue to conceal that fact.

## **CLAIMS FOR RELIEF**

**First Claim for Relief**
**Violations of the Consumers Legal Remedies Act**
**Cal. Civ. Code §§ 1750, *et seq.***
*(On Behalf of Plaintiffs Clark, Stewart, and Thompson and the California Purchaser Class)*

36.    Plaintiffs individually and on behalf of the Class reallege and incorporate by reference each and every allegation set forth above.

37.     The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), is a comprehensive statutory scheme liberally construed and applied to protect consumers against unfair and deceptive business practices in connection with the conduct of businesses providing goods, property, or services to consumers primarily for personal, family, or household use.

38.     Vanilla Cards constitute "goods" as defined in California Civil Code §§ 1761(a)–(b).

39.     Plaintiffs and the putative California Purchaser Class Members are "consumers" as defined in California Civil Code § 1761(d), and they and Vanilla have engaged in a "transaction" as defined in California Civil Code § 1761(e).

40.     Plaintiffs, Purchaser Class Members, and Vanilla are each a "person" as defined in California Civil Code § 1761(c).

41.     As alleged herein, Vanilla made numerous omissions concerning the security of its Cards and concerning the Face Value of its Cards, while collecting fees from Purchasers to issue, facilitate, and process the Cards, including the use of funds on the Cards.

42.     Vanilla engaged in unfair or deceptive acts or practices in violation of Civil Code § 1770. Specifically, Vanilla's acts, practices, and omissions were intended to, and did result in, the sale of goods in violation of Civil Code § 1770. Vanilla violated the CLRA by:

a. Representing that its goods and services have characteristics, uses, benefits, or quantities that they do not have; and

b. Representing that its goods and services are of a particular standard, quality, or grade when they were not.

43. As alleged herein, Vanilla distributed, marketed, and advertised its goods while deliberately concealing material facts about, and central to the function of, those goods and services. Vanilla's omissions were material because they were likely to deceive reasonable consumers into believing they were purchasing Cards that had purchasing power equal to the Face Value. Plaintiffs and putative Purchaser Class Members had no way of unraveling Vanilla's deception on their own, and they could not have known the truth about whether Vanilla's Cards contained their Face Value after purchase. Had Vanilla disclosed that its Cards held less than their Face Value, Plaintiffs and Purchaser Class Members would not have purchased them.

44. Vanilla owed Plaintiffs and Purchaser Class Members a duty to disclose the truth about the value of the Cards because Vanilla: (1) possessed exclusive knowledge of those matters, (2) was engaging in purchase transactions with Plaintiffs and Purchaser Class Members as "consumers" of the Cards, and (3) intentionally concealed the foregoing from Plaintiffs and Purchaser Class Members.

45.    As a direct and proximate cause of Vanilla's violations of the CLRA, Plaintiffs and the Purchaser Class have suffered injury-in-fact and actual damages resulting from Vanilla's material omissions and misrepresentations. Plaintiffs and Purchaser Class Members would not have purchased Vanilla Cards had Vanilla disclosed that the funds were likely to be depleted by fraudulent use and theft. Vanilla knew the Cards were insecure because of Vanilla's inadequate security measures, and Vanilla did not inform consumers that Card funds would be improperly depleted, leaving consumers to fend for themselves in discovering the problem and attempting to remedy these issues.

46.    The facts Vanilla omitted and concealed from Plaintiffs and Purchaser Class Members are material because a reasonable consumer would have considered them important in deciding whether to purchase a Vanilla gift Card and/or deciding how much to purchase in Face Value amount(s), which determines the fee amount collected by Vanilla.

47.    Plaintiffs and the Purchaser Class seek only injunctive relief for this claim at this time. Plaintiffs, however, have sent a demand letter to Vanilla via certified mail pursuant to the requirements of the CLRA, providing the notice required by Cal. Civ. Code § 1782(a). If Vanilla does not correct or otherwise rectify the harm alleged by Plaintiffs in their letter or this Complaint within the statutorily required thirty-day period, Plaintiffs will amend this Complaint to seek monetary damages against Vanilla pursuant to California Civil Code §§ 1781 and

1  1782.

2      48.    Plaintiffs also seek an order awarding costs and attorney fees

3  pursuant to California Civil Code § 1780(e).

**Second Claim for Relief**
**Violations of the California Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Unlawful Business Practices**
*(On Behalf of Plaintiffs Clark, Stewart, and Thompson and the Purchaser Class)*

7      49.    Plaintiffs individually and on behalf of the Purchaser Class reallege

8  and incorporate by reference each and every allegation set forth above.

9      50.    Plaintiffs, Purchaser Class Members, and Vanilla are each a "person"

10 under Cal. Bus. & Prof. Code § 17201.

11      51.    California Business and Professions Code §§ 17201, *et seq.* prohibits

12 acts of unfair competition, which includes unlawful business practices.

13      52.    Vanilla engaged in unlawful acts and practices with respect to its

14 payment card services by establishing and maintaining sub-standard security

15 practices and procedures for protecting the Face Value of its Cards; by

16 representing that its goods and services have characteristics, uses, benefits, or

17 quantities that they do not have in violation of Civil Code § 1770; and by

18 representing that its goods and services are of a particular standard, quality, or

19 grade when they were not, which violates California Civil Code § 1770.

20      53.    Vanilla's unlawful acts and practices include violations of California

21 Civil Code Sections 1770(a)(5) and (a)(7).

54.     Based on information and belief, Vanilla did process and continues to process purchases of its Cards with purchasing fees, did issue and continues to issue physical or electronic Cards after purchase, and did process and continues to process spending transactions for funds loaded on its Cards using electronic and computer systems. Vanilla also did maintain and continues to maintain electronic systems that store information about the Face Value of Cards and available funds. Thus, Vanilla knew or should have known that it did not employ reasonable, industry-standard, and appropriate security measures that would have kept the Face Value of the Cards secure and prevented the loss or misuse of the Cards' funds. Vanilla did not disclose to Plaintiffs and Purchaser Class Members that its processing and data systems were insecure. Thus, Vanilla represented that its goods and services have characteristics, uses, benefits, or quantities that they do not have and represented that its goods and services are of a particular standard, quality, or grade when they were not, which violates California Civil Code Section 1770.

55.     Plaintiffs and Purchaser Class Members were reasonable to assume, and did assume, that Vanilla would take appropriate measures to keep the Face Value of Cards secure and safe. Vanilla was in sole possession of and had a duty to disclose the material information that the Face Value of Cards was vulnerable to fraudulent use and theft because Vanilla's security measures were inadequate. Vanilla did not disclose at any time that the Face Value of Cards was left

CLASS ACTION COMPLAINT

1  particularly vulnerable to fraudulent use and theft.

2        56.    Vanilla knew or should have known that its computer systems and

3  data security practices were inadequate to safeguard the Face Value of their Cards

4  and that the risk of theft was, therefore, high. Vanilla's actions in engaging in the

5  herein-described unlawful practices and acts were negligent, knowing and willful,

6  and/or wanton and reckless with respect to the rights of the California Purchaser

7  Class.

8        57.    Because Vanilla is in the business of issuing payment gift cards as

9  methods of payment after storing purchased funds, the Purchaser Plaintiffs and

10  Class Members relied on Vanilla to advise the public if its processing and data

11  systems were not secure and that Card funds could thereby be compromised.

12        58.    When purchasing Vanilla's Cards, Plaintiffs and Purchaser Class

13  Members relied upon Vanilla's direct and indirect representations regarding its

14  data security, including its failure to alert consumers that its Cards were not

15  secure and, thus, were vulnerable to improper use of funds by persons other than

16  the Recipients.

17        59.    Had Vanilla disclosed that its systems were insecure and, thus,

18  vulnerable to fraudulent use and theft, Plaintiffs and Purchaser Class Members

19  would not have purchased Vanilla's Cards.

20        60.    As a direct result of their reliance on Vanilla to be truthful and

21  forthcoming about the vulnerability of its data systems and the characteristics of

the Cards it sold, Plaintiffs and Purchaser Class Members purchased Vanilla Cards that did not retain their Face Value, causing Plaintiffs and Purchaser Class Members to suffer damages.

61.   As a direct and proximate cause of Vanilla's unfair and unlawful methods and practices of competition, Plaintiffs and Purchaser Class Members suffered actual damages including, but not limited to: damages arising from the unauthorized charges on their Cards if they are Recipients of Cards they purchased; damages arising from their inability to use their Cards because the funds were depleted through fraudulent use if they are Recipients of Cards they purchased; damages from lost time and effort to mitigate the actual and potential impact of the improperly depleted funds by contacting, or trying to contact, Vanilla to remedy the issue(s); and fees Purchaser Class Members paid for Cards that did not have the characteristics, uses, benefits, or quantities that Vanilla represented they would have.

62.   As a proximate result of their unlawful practices, Vanilla has been unjustly enriched and should be required to make restitution to Plaintiffs and Purchaser Class Members pursuant to §§ 17203 and 17204 of the California Business & Professions Code, disgorgement of all profits accruing to Vanilla because of its unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

**Third Claim for Relief**
**Violations of the California Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Unfair Business Practices**
*(On Behalf of Plaintiffs Clark, Stewart, and Thompson and the Purchaser Class)*

63.   Plaintiffs individually and on behalf of the Purchaser Class reallege and incorporate by reference each and every allegation set forth above.

64.   Vanilla engaged in unfair business practices by marketing Cards as being worth their Face Value while knowing that Cards are not likely to retain the Face Value when used by Recipients; by failing to secure the Face Value of the Cards and using sub-standard security practices and procedures; by soliciting and collecting monies, including fees, from Plaintiffs and Purchaser Class Members with knowledge that the Face Value of the Cards would not be adequately protected; and by intentionally erecting barriers through difficult and time-consuming customer service processes to prevent consumers from recouping the Face Value of Cards.

65.   Plaintiffs and Purchaser Class Members were entitled to assume, and did assume, that Vanilla would take appropriate measures to keep the Face Value of Cards secure and safe. Vanilla was in sole possession of and had a duty to disclose the material information that the Face Value of Cards was vulnerable to fraudulent use and theft because Vanilla's security measures were inadequate. Vanilla did not disclose at any time that the Face Value of Cards was vulnerable to fraudulent use and theft.

66.    The unfair acts and practices described above were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and Purchaser Class Members. These unfair acts and practices were also likely to deceive the public into believing they were purchasing Cards carrying the purchase power of their Face Value when they were not. The harm these practices caused to Plaintiffs and the Purchaser Class outweighed their utility, if any.

67.    Vanilla knew or should have known that its computer systems and data security practices were inadequate to safeguard the Face Value of the Cards and that the risk of theft was high. Vanilla's actions in engaging in the above-described unfair practices and acts were, therefore, negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Purchaser Class.

68.    Had Vanilla disclosed to Plaintiffs and Purchaser Class Members that its systems were not secure and, thus, vulnerable to fraudulent use and theft, Plaintiffs and Purchaser Class Members would not have purchased and/or used Vanilla's Cards.

69.    As a direct and proximate result of Vanilla's unfair practices and acts, Plaintiffs and Purchaser Class Members were injured and lost money or property, including but not limited to the fees received by Vanilla for its products and services, the loss of their legally-protected interest in the Face Value of the Cards,

1    and additional losses described herein.

2         70.    Plaintiffs and Purchaser Class Members seek relief under California

3    Business and Professional Code Section 17200, *et. seq.*, including, but not limited

4    to, restitution to Plaintiffs and the Purchaser Class Members of money that

5    Vanilla acquired by means of its unfair business practices, disgorgement of all

6    profits accruing to Vanilla because of its unfair business practices, declaratory

7    relief, attorney fees and costs (pursuant to California Code of Civil Procedure

8    Section 1021.5), and injunctive or other equitable relief.

9
                          **Fourth Claim for Relief**
10              **Violations of the California Unfair Competition Law**
           **Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Unfair Business Practices**
11              *(On Behalf of Plaintiffs Cooper and Manier and the Recipient Class)*

12        71.    Plaintiffs individually and on behalf of the Recipient Class reallege

13   and incorporate by reference each and every allegation set forth in paragraphs 1–

14   35 above.

15        72.    Vanilla engaged in unfair business practices by knowingly marketing

16   Cards as being worth their Face Value, all while knowing that Cards are not likely

17   to retain the Face Value when used by Recipients; by failing to secure the Face

18   Value of the Cards through sub-standard security practices and procedures; and

19   by intentionally erecting barriers through difficult and time-consuming customer

20   service processes to prevent Recipients from recouping the Face Value of Cards.

21

CLASS ACTION COMPLAINT

73.    The unfair acts and practices described above were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and Recipient Class Members. These unfair acts and practices were also likely to deceive the public into believing they were receiving Cards carrying the purchase power of their Face Value when they were not. The harm these practices caused to Plaintiffs and Recipient Class Members outweighed their utility, if any.

74.    Vanilla knew or should have known that its computer systems and data security practices were inadequate to safeguard the Face Value of the Cards and that the risk of theft was high. Vanilla's actions in engaging in the above-described unfair practices and acts were, therefore, negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Recipient Class.

75.    As a direct and proximate result of Vanilla's unfair practices and acts, Plaintiffs and Recipient Class Members tried to make purchases using the Cards only to find that the Cards did not retain their Face Value, causing them to suffer damages. As a direct and proximate result of Vanilla's unfair practices and acts, Plaintiffs and Recipient Class Members were injured and lost money or property, including but not limited to the loss of their legally-protected interest in the Face Value of the Cards; damages arising from their inability to use their Cards because the funds were depleted through fraudulent use and/or improperly

CLASS ACTION COMPLAINT

imposed fees, including being responsible to pay for items and/or services when a Card is declined due to insufficient Face Value funds or having to forego purchases when a Card is declined; damages from lost time and effort to mitigate the actual and potential impact of the improperly depleted funds by contacting, or trying to contact, Vanilla to remedy the issue(s) and recoup the Face Value of the Cards; and additional losses described above.

76.    The Plaintiffs and Recipient Class Members seek relief under California Business and Professions Code Section 17200, *et. seq.*, including, but not limited to, restitution to the Plaintiffs and Recipient Class Members of money or property that Vanilla acquired by means of its unfair business practices, disgorgement of all profits accruing to Vanilla because of its unfair business practices, declaratory relief, attorney fees and costs (pursuant to California Code of Civil Procedure Section 1021.5), and injunctive or other equitable relief.

**Fifth Claim for Relief**
**Breach of Implied Contract**
*(On Behalf of Plaintiffs Clark, Stewart, and Thompson and the Purchaser Class)*

77.    Plaintiffs individually and on behalf of the Purchaser Class reallege and incorporate by reference each and every allegation set forth in paragraphs 1–70 above.

///

///

78.     Vanilla entered into implied contracts with Plaintiffs and the Purchaser Class, promising that the Face Value of the purchased Cards would be available to spend when used.

79.     Included in the implied contract is the promise that Vanilla would safeguard the Face Value of the Cards for Purchasers' exclusive use, using reasonable or industry-standard means.

80.     Vanilla breached the implied contracts by failing to safeguard the Face Value of Cards for Purchasers' exclusive use.

81.     Vanilla breached the implied contracts by failing to promptly replace any amount of the Face Value of Cards that was not available for Purchasers' exclusive use.

82.     The losses and damages Plaintiffs and Purchaser Class Members sustained (as described above) were the direct and proximate result of Vanilla's breaches of implied contracts with them.

**Sixth Claim for Relief**
**Breach of Implied Contract**
*(On Behalf of Plaintiffs Cooper and Manier and the Recipient Class)*

83.     Plaintiffs individually and on behalf of the Recipient Class reallege and incorporate by reference each and every allegation set forth in paragraphs 1–35 and 71–76 above.

84.     Vanilla entered into implied contracts with Plaintiffs and the Recipient Class, promising that the Face Value of their Cards would be available to spend when used.

85.     An implicit part of the implied contract was that Vanilla would safeguard the Face Value of the Cards for Recipients' exclusive use, using reasonable or industry-standard means.

86.     Vanilla breached the implied contracts by failing to safeguard the Face Value of Cards for Recipients' exclusive use.

87.     Vanilla breached the implied contracts by failing to promptly replace any amount of the Face Value of Cards that was not available for Recipients' exclusive use.

88.     The losses and damages Plaintiffs and Recipient Class Members sustained (as described above) were the direct and proximate result of Vanilla's breaches of implied contracts with them.

**Seventh Claim for Relief**
**Unjust Enrichment**
*(On Behalf of Plaintiffs Clark, Stewart, and Thompson and the Purchaser Class)*

89.     Plaintiffs individually and on behalf of the Purchaser Class reallege and incorporate by reference each and every allegation set forth in paragraphs 1–70 and 77–82 above.

90.     Vanilla receives the benefit of processing fees that it collects in conjunction with the purchase of Cards online and at retail stores.

91.     Vanilla directly, or indirectly, operated a scheme to deceive the public to collect fees for its own business purposes. Vanilla knowingly and intentionally engaged in these deceptive practices.

92.     Vanilla operated a fraud on the public, acting to hide that its Cards would not retain their Face Value as promised. Vanilla affirmatively misrepresented that Cards purchased from Vanilla, directly or through a retailer, would hold the Face Value and amount purchased for loading on its Cards until and unless those funds were used by the Recipients.

93.     Plaintiffs and Purchaser Class Members suffered ascertainable loss and actual damages as a direct and proximate result of Vanilla's concealment, misrepresentations, and/or failure to disclose material information.

94.     Vanilla has knowledge of said benefits received at Plaintiffs' and Purchaser Class Members' expense.

95.     As a direct and proximate result of Vanilla's unjust enrichment, Plaintiffs and Purchaser Class Members are entitled to restitution, restitutionary disgorgement, and damages, in an amount to be proven at trial.

///

///

///

1

## **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiffs, on behalf of themselves and the Classes,

3   respectfully request that the Court enter judgment in their favor that:

4        A.       Certifies the Classes requested, appoints the Plaintiffs as Class

5   Representatives, and appoints their Counsel as Class Counsel;

6        B.       Awards the Plaintiffs and Class Members appropriate monetary

7   relief, including actual and statutory damages, restitution, and disgorgement;

8        C.       Enters an injunction against Vanilla's deceptive trade practices,

9   requiring that Vanilla implement and maintain adequate security measures to

10  protect the Face Value of Cards from Unauthorized Users;

11       D.       Awards Plaintiffs and the Classes pre- and post-judgment interest,

12  reasonable attorney fees, costs, and expenses as allowable by law; and

13       E.       Awards such other and further relief as this Court may deem just

14  and proper.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

31

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED this 18th day of October, 2022.

Respectfully submitted,

**LIPPSMITH LLP**

By: */s/ Graham B. LippSmith*
     GRAHAM B. LIPPSMITH
     MARYBETH LIPPSMITH
     JACLYN L. ANDERSON

**TOUSLEY BRAIN STEPHENS PLLC**

By: */s/ Jason T. Dennett*
     JASON T. DENNETT, WSBA #30686
     *Pro Hac Vice Application Forthcoming*
     KALEIGH N. BOYD, WSBA #52684,
     *Pro Hac Vice Application Forthcoming*

**Attorneys for Plaintiffs and the Putative Classes**

## CERTIFICATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that concurrence of the filing of the foregoing **CLASS ACTION COMPLAINT** has been obtained.

*/s/ Graham B. LippSmith*
Graham B. LippSmith

CLASS ACTION COMPLAINT