Jane Metcalf (*pro hac vice*)
  jmetcalf@pbwt.com
David S. Kleban (*pro hac vice*)
  dkleban@pbwt.com
Peter Vogel (*pro hac vice*)
  pvogel@pbwt.com
Basil Williams (*pro hac vice*)
  bwilliams@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 336-2000
Fax: (212) 336-2222

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Nicole G. Malick (SBN 335754)
  nmalick@dtolaw.com
DTO LAW
601 S. Figueroa Street, Suite 2130
Los Angeles, CA 90017
Tel: (213) 335-7010
Fax: (213) 335-7802

Attorneys for Defendant
INCOMM FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN CLARK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INCOMM FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No. 5:22-CV-01839-JGB-SHK<br><br>**DEFENDANT INCOMM FINANCIAL SERVICES, INC.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Hon. Jesus G. Bernal<br><br>Second Amended Complaint Filed: August 7, 2023 |

Defendant InComm Financial Services, Inc. (together with its affiliates, "InComm"), by and through its attorneys, hereby submits its Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") of Plaintiffs Carolyn Clark, et al., as follows:

## NATURE OF THE CASE

1. InComm admits it sells Vanilla®-branded prepaid physical and electronic gift cards online, and that it contracts with retailers to sell physical Vanilla-branded prepaid physical gift cards. InComm otherwise denies the allegations in Paragraph 1.

2. InComm admits that some Vanilla Gift Cards can be loaded with amounts ranging from $10 to $500. InComm otherwise denies the allegations in Paragraph 2.

3. InComm denies the allegations in Paragraph 3.

4. InComm denies the allegations in Paragraph 4.

5. InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 5.

6. InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 6.

7. InComm denies the allegations in Paragraph 7.

8. InComm denies the allegations in Paragraph 8.

9. InComm denies the allegations in Paragraph 9.

10. InComm denies the allegations in Paragraph 10.

11. InComm denies the allegations in Paragraph 11.

12. InComm denies the allegations in Paragraph 12.

13. InComm denies the allegations in Paragraph 13.

14. Paragraph 14 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 14.

15. InComm denies the allegations in Paragraph 15.

16. InComm denies the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm admits that the remaining Plaintiffs in the action purport to seek monetary relief in this action and otherwise denies the allegations in Paragraph 17.

## PARTIES

18. InComm denies that Clark ever called or otherwise contacted its customer service department to complain about issues with any Vanilla Gift Card. InComm lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 18.

19. InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 19.

20. InComm denies that Manier ever called or otherwise contacted its customer service department to complain about issues with any Vanilla Gift Card. InComm lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 20.

21. InComm denies that Stewart ever called or otherwise contacted its customer service department to complain about issues with any Vanilla Gift Card. InComm lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 21.

22. InComm denies that Thompson ever called or otherwise contacted its customer service department to complain about issues with any Vanilla Gift Card. InComm lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 22.

23. InComm denies the allegations in Paragraph 23.

24. InComm denies the allegations in Paragraph 24.

## JURISDICTION AND VENUE

25. Paragraph 25 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations

in Paragraph 25.

26. Paragraph 26 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 26.

27. Given the vagueness of the phrase "gift Cards that are the subject of this Complaint," InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 28.

## STATEMENT OF FACTS

29. InComm admits the allegations in Paragraph 29.

30. InComm admits the allegations in Paragraph 30.

31. InComm admits that purchasers of Vanilla Gift Cards pay a small activation fee for each card, and otherwise denies the allegations in Paragraph 31.

32. InComm denies the allegations in Paragraph 32.

33. InComm admits that Vanilla Gift Cards may be purchased at retail stores, and that in some cases the card's face value is indicated on the card packaging. InComm otherwise denies the allegations in Paragraph 33.

34. InComm admits that its physical cards are not loaded with monetary value prior to activation.

35. InComm admits that its physical cards are not loaded with monetary value until activation, at which point the physical cards are loaded with monetary value, which may be redeemed within 24 hours of activation.

36. InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 36.

37. InComm admits the allegations in Paragraph 37.

38. Paragraph 38 purports to describe the process of purchasing a Vanilla e-

card through www.vanillagift.com. InComm avers that the website speaks for itself and otherwise denies the allegations in Paragraph 38.

39. InComm denies the allegations in Paragraph 39.

40. InComm denies the allegations in Paragraph 40.

41. InComm admits that e-card recipients receive a link to view and print their e-cards with all associated information. InComm otherwise denies the allegations in Paragraph 41.

42. InComm denies the allegations in Paragraph 42.

43. InComm denies the allegations in Paragraph 43.

44. Paragraph 44 purports to describe consumer ratings on a website called "Sitejabber." InComm avers that the website being described speaks for itself and otherwise denies the allegations in Paragraph 44.

45. Paragraph 45 purports to describe consumer ratings on a website called "Trustpilot." InComm avers that the website being described speaks for itself and otherwise denies the allegations in Paragraph 45.

46. Paragraph 46 purports to describe consumer ratings on the website "Pissedconsumer.com" and from the Better Business Bureau. InComm avers that the websites being described speak for themselves. InComm denies that the Better Business Bureau rates its products 1.05 out of 5, as in fact the Better Business Bureau has given InComm a rating of A+. InComm otherwise denies the allegations in Paragraph 46.

47. InComm denies the allegations in Paragraph 47.

48. InComm denies the allegations in Paragraph 48.

49. InComm admits that it employs specialized packaging intended to deter tampering, and avers that the referenced website speaks for itself. InComm otherwise lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 49.

50. Paragraph 50 contains a statement of opinion to which no response is

required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 50.

51. InComm denies the allegations in Paragraph 51.

52. InComm denies the allegations in Paragraph 52.

53. InComm denies the allegations in Paragraph 53.

54. InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 54.

55. InComm avers that the referenced website speaks for itself. InComm otherwise lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 55.

56. InComm denies the allegations in Paragraph 56.

57. InComm denies the allegations in Paragraph 57.

58. InComm denies the allegations in Paragraph 58.

59. InComm denies the allegations in Paragraph 59.

60. InComm denies the allegations in Paragraph 60.

61. Paragraph 61 contains no factual allegations directed at InComm and therefore no response is required. To the extent a response is deemed required, InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 61.

62. InComm admits that physical gift cards have value only upon activation, and that electronic gift cards have value only after the card link is transmitted to the recipient. InComm otherwise denies the allegations in Paragraph 62.

63. InComm denies the allegations in Paragraph 63.

64. Paragraph 64 purports to provide a physical representation of https://balance.vanillagift.com/#/. InComm avers that that website speaks for itself. To the extent a response is deemed required, InComm denies that the screenshot contained in Paragraph 64 fully captures what its website "looks like."

65. InComm denies the allegations in Paragraph 65.

66. InComm admits that a card is not loaded with monetary value prior to activation, and otherwise denies the allegations in Paragraph 66.

67. InComm denies the allegations in Paragraph 67.

68. InComm denies the allegations in Paragraph 68.

69. InComm denies the allegations in Paragraph 69.

70. InComm denies the allegations in Paragraph 70.

71. Paragraph 71 contains no factual allegations directed at InComm, and therefore no response is required. To the extent a response is deemed required, InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 71.

72. Paragraph 72 contains no factual allegations directed at InComm, and therefore no response is required. To the extent a response is deemed required, InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 72.

73. InComm admits the existence of online security tools to deter access to websites by automated computer programs. InComm further avers that the Wired.com article cited in Paragraph 73 speaks for itself. InComm otherwise lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 73.

74. InComm admits the existence of the cybersecurity tool CAPTCHA. InComm denies that CAPTCHA functions only by requiring users to solve visual puzzles. InComm otherwise lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 74.

75. InComm denies the allegations in Paragraph 75.

76. InComm admits that it is aware of and employs versions of CAPTCHA. InComm otherwise denies the allegations in Paragraph 76.

77. InComm denies the allegations in Paragraph 77.

78. InComm denies that it does not maintain a phone system for checking card balances. InComm further denies that such systems are impervious to criminal

intervention or otherwise preferable to websites. Paragraph 78 otherwise contains allegations not directed at InComm that InComm lacks information or knowledge sufficient to admit or deny.

79. InComm denies the allegations in Paragraph 79.

80. InComm denies that it does not monitor Card numbers for balance checking prior to activation, and otherwise denies the allegations in Paragraph 80.

81. InComm denies the allegations in Paragraph 81.

82. InComm denies the allegations in Paragraph 82.

83. InComm denies the allegations in Paragraph 83.

84. InComm denies the allegations in Paragraph 84.

85. InComm denies the allegations in Paragraph 85.

86. InComm denies the allegations in Paragraph 86.

87. InComm admits that some of its Vanilla Gift Cards contain the statements "IF TAMPER EVIDENT, DO NOT PURCHASE;" and "[f]or security purposes, please check that the underlined portion of the number matches the number below." InComm otherwise denies the allegations in Paragraph 87.

88. InComm denies the allegations in Paragraph 88.

89. InComm denies the allegations in Paragraph 89.

90. Paragraph 90 purports to describe InComm's website. InComm avers that the website speaks for itself. InComm otherwise denies the allegations in Paragraph 90.

91. InComm denies the allegations in Paragraph 91.

92. InComm denies the allegations in Paragraph 92.

93. InComm denies the allegations in Paragraph 93.

94. InComm denies the allegations in Paragraph 94.

95. InComm denies that Plaintiffs Clark or Stewart contacted its customer service department at any time. InComm further denies giving consumers "the runaround." InComm otherwise lacks information or knowledge sufficient to admit

or deny the allegations in Paragraph 95.

96.     InComm denies the allegations in Paragraph 96.

97.     InComm denies the allegations in Paragraph 97.

98.     InComm denies the allegations in Paragraph 98.

## CLASS ALLEGATIONS

99.     Paragraph 99 contains no factual allegations directed to InComm, and therefore no response is required.  To the extent a response is deemed required, InComm denies the allegations in Paragraph 99.

100.    Paragraph 100 contains no factual allegations directed to InComm, and therefore no response is required.

101.    Paragraph 101 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, InComm denies the allegations in Paragraph 101.

102.    Paragraph 102 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, InComm denies the allegations in Paragraph 102.

103.    Paragraph 103 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, InComm denies the allegations in Paragraph 103.

104.    Paragraph 104 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, InComm denies the allegations in Paragraph 104.

105.    Paragraph 105 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, InComm denies the allegations in Paragraph 105.

106.    Paragraph 106 contains legal conclusions and therefore no response is required.  To the extent a response is deemed required, InComm denies the allegations in Paragraph 106.

107. Paragraph 107 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 107.

108. Paragraph 108 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 108.

## FIRST CLAIM

**(Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*)**

109. InComm incorporates its responses and denials to all the foregoing allegations in response to Paragraph 109.

110. Paragraph 110 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm avers that the text of the Consumers Legal Remedies Act speaks for itself.

111. Paragraph 111 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 111.

112. Paragraph 112 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 112.

113. Paragraph 113 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 113.

114. InComm denies the allegations in Paragraph 114.

115. InComm denies the allegations in Paragraph 115.

116. InComm denies the allegations in Paragraph 116.

117. InComm denies the allegations in Paragraph 117.

118. InComm denies the allegations in Paragraph 118.

119. InComm denies the allegations in Paragraph 119.

120. InComm denies the allegations in Paragraph 120.

121. Paragraph 121 contains no allegations directed to InComm, and therefore no response is required.

## SECOND CLAIM

**(Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*—Unlawful Business Practices)**

122. InComm incorporates its responses and denials to all the foregoing allegations in response to Paragraph 122.

123. Paragraph 123 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 123.

124. Paragraph 124 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm avers that Cal. Bus. & Prof. Code § 17201, *et seq.*, speaks for itself.

125. InComm denies the allegations in Paragraph 125.

126. InComm denies the allegations in Paragraph 126.

127. InComm denies the allegations in Paragraph 127.

128. InComm denies the allegations in Paragraph 128.

129. InComm denies the allegations in Paragraph 129.

130. Paragraph 130 contains no factual allegations directed to InComm, and therefore no response is required. To the extent a response is deemed required, InComm lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 130.

131. Paragraph 131 contains allegations not directed to InComm, and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 131.

132. Paragraph 132 contains allegations not directed to InComm, and therefore

no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 132.

133. InComm denies the allegations in Paragraph 133.

134. InComm denies the allegations in Paragraph 134.

135. Paragraph 135 contains allegations not directed to InComm, and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 135.

136. InComm denies the allegations in Paragraph 136.

## THIRD CLAIM

**(Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*—Unfair Business Practices)**

137. InComm incorporates its responses and denials to all the foregoing allegations in response to Paragraph 137.

138. InComm denies the allegations in Paragraph 138.

139. InComm denies the allegations in Paragraph 139.

140. InComm denies the allegations in Paragraph 140.

141. Paragraph 141 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm avers that Cal. Civ. Code § 1798.100(e) speaks for itself. InComm otherwise denies the allegations in Paragraph 141.

142. InComm denies the allegations in Paragraph 142.

143. Paragraph 143 contains allegations not directed to InComm, and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 143.

144. InComm denies the allegations in Paragraph 144.

145. Paragraph 145 contains allegations not directed to InComm, and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 145.

146. Paragraph 146 contains no allegations directed to InComm, and therefore no response is required. To the extent a response is deemed required, InComm avers that the California Business and Professions Code Section 17200 and the California Code of Civil Procedure Section 1021.5 speak for themselves.

## FOURTH CLAIM

**(Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*—Unfair Business Practices)**

147. InComm incorporates its responses and denials to all the foregoing allegations in response to Paragraph 147.

148. InComm denies the allegations in Paragraph 148.

149. InComm denies the allegations in Paragraph 149.

150. Paragraph 150 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm avers that Cal. Civ. Code § 1798.100(e) speaks for itself. InComm otherwise denies the allegations in Paragraph 150.

151. InComm denies the allegations in Paragraph 151.

152. InComm denies the allegations in Paragraph 152.

153. Paragraph 153 contains allegations not directed to InComm, and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 153.

154. Paragraph 154 contains legal conclusions and therefore no response is required. To the extent a response is deemed required, InComm denies the allegations in Paragraph 154.

## FIFTH CLAIM

**(Unjust Enrichment)**

155. InComm incorporates its responses and denials to all the foregoing allegations in response to Paragraph 155.

156. InComm denies the allegations in Paragraph 156.

157. InComm denies the allegations in Paragraph 157.

158. InComm denies the allegations in Paragraph 158.

159. InComm denies the allegations in Paragraph 159.

160. InComm denies the allegations in Paragraph 160.

161. InComm denies the allegations in Paragraph 161.

## PRAYER FOR RELIEF AND JURY DEMAND

InComm denies that Plaintiffs and/or any of the putative class members are entitled to relief, including, but not limited to, the relief sought in Plaintiffs' Prayer for Relief and Jury Trial Demand. InComm specifically denies that any class or classes can or should be certified. InComm also specifically denies that Plaintiffs are entitled to a trial by jury on their claims for equitable relief.

## AFFIRMATIVE DEFENSES

InComm sets forth below its affirmative defenses. By setting forth these affirmative defenses, InComm does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or should be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Preemption)

The claims in the SAC are barred, in whole or in part, because they are preempted by federal law.

## SECOND AFFIRMATIVE DEFENSE
### (Primary / Exclusive Jurisdiction)

The claims in the SAC are barred, in whole or in part, by the doctrines of primary and/or exclusive regulatory agency jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

### (Safe Harbor)

The claims in the SAC are barred, in whole or in part, by California's safe harbor doctrine because InComm's conduct, at all relevant times and places, was in compliance with applicable law.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Article III and Statutory Standing)

Plaintiffs' and putative class members' claims are barred, in whole or in part, by lack of standing and failure to establish any cognizable injury traceable to InComm's conduct and redressable by a court order.

## FIFTH AFFIRMATIVE DEFENSE

### (Speculative or Uncertain Damages)

Plaintiffs fail to and cannot prove money damages with any degree of certainty sufficient to permit recovery of damages.

## SIXTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

To the extent Plaintiffs and/or members of the asserted putative class seek injunctive relief, they lack Article III standing to pursue such relief in part because they cannot show substantial and immediate irreparable injury—that is, any real or immediate threat that they will be wronged again.

Additionally, Plaintiffs and/or members of the asserted putative class are not entitled to injunctive relief because they cannot show that (1) they have suffered irreparable harm sufficient to warrant injunctive relief; (2) remedies available at law are inadequate; (3) the balance of hardships between the parties warrants an equitable remedy; and (4) the public interest favors injunctive relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' and the putative class members' claims are barred, in whole or in

part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

Plaintiffs' and putative class members' equitable claims are barred, in whole or in part, to the extent there is an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

**(No Duty to Disclose)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because InComm was not under a legal duty to disclose the allegedly omitted facts.

## TENTH AFFIRMATIVE DEFENSE

**(No Class Action)**

To the extent Plaintiffs seek to certify a class action, Plaintiffs have failed to satisfy the requirements set forth in Fed. R. Civ. P. 23.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Voluntary Payment)**

The claims in the SAC are barred by the voluntary payment doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

**(Statute of Limitations or Repose)**

The claims in the SAC are barred, in whole or in part, by the applicable statutes of limitations or repose.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Equity)**

The claims in the SAC are barred, in whole or in part, by principles of equity.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(California Civil Code § 1781)**

To the extent Plaintiffs seek to certify a class action based on alleged violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code, § 1750, *et seq.*, they have failed to satisfy the requirements set forth in California Civil Code § 1781.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (California Civil Code § 1782)

To the extent Plaintiffs and putative class members seek damages for alleged violations of the CLRA, they have failed to satisfy the prerequisites set forth in California Civil Code § 1782.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (California Civil Code § 1784)

To the extent Plaintiffs and putative class members allege violations of the CLRA, InComm has a complete defense under California Civil Code § 1784.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

Plaintiffs' claims under the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.*, are barred or limited, in whole or in part, by the terms of the UCL, or otherwise, and InComm is entitled to the defenses set forth therein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiffs' and putative class members' claims are barred, in whole or in part, to the extent that they must be arbitrated or are subject to a class-action waiver.

## RESERVATION OF ADDITIONAL DEFENSES

InComm reserves the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action. InComm further reserves all legal defenses that it may have against the putative class and against each member of the putative class.

**WHEREFORE**, InComm requests that judgment be entered in its favor and against Plaintiffs; that the Court find that this suit cannot be maintained as a class action; and that InComm be awarded its costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 10, 2024           By:   */s/ William A. Delgado*

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Nicole G. Malick (SBN 335754)
  nmalick@dtolaw.com
DTO LAW
601 S. Figueroa Street, Suite 2130
Los Angeles, CA 90017
Tel: (213) 335-7010
Fax: (213) 335-7802

Jane Metcalf (*pro hac vice*)
  jmetcalf@pbwt.com
David S. Kleban (*pro hac vice*)
  dkleban@pbwt.com
Peter Vogel (*pro hac vice*)
  pvogel@pbwt.com
Basil Williams (*pro hac vice*)
  bwilliams@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 336-2000
Fax: (212) 336-2222

Attorneys for Defendant
INCOMM FINANCIAL SERVICES, INC.