# LippSmith LLP

**555 S. Flower Street**
**Suite 3000**
**Los Angeles, CA 90071**

February 6, 2024

Hon. Judge Shashi H. Kewalramani
George E. Brown, Jr. Federal Building and U.S. Courthouse
3470 12th Street
Riverside, CA 92501

> RE:   *Clark, et al. v. InComm Financial Services, Inc.*,
> Case No. 22-cv-01839-JGB-SHK - **DISCOVERY MATTER**

Dear Magistrate Judge Kewalramani:

Thank you for the opportunity to submit Plaintiff Carolyn Clark's ("Plaintiff") Reply Letter Brief on the scope of the case and to respond to Defendant InComm Financial Services, Inc. ("InComm")'s January 30, 2024 Letter Brief. Plaintiff welcomes the Court's insight and orders on her Requests for Production, Set One ("RFPs Set 1").

## Background on Discovery and Motions

### 2/28/2023 RFPs Set 1

Plaintiff served RFPs Set 1 on February 28, 2023, which will be more than one year before the Court's March 5, 2024 hearing. InComm never objected or responded to that discovery.

### 7/1/2023 Order on InComm's Motion to Dismiss ("MTD") the FAC

On July 17, 2023, Judge Bernal issued his first Order (1) Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss. Dkt. 53. Judge Bernal made the following findings, among others, that pertain here:

- "Vanilla is responsible for every plausible explanation for how Unauthorized Users steal the Cards' Face Value." *Id*. at p. 3;
- "Plaintiffs assert that Defendant has superior knowledge of the omitted facts, including the inadequacy of its data security measures." *Id*. at p. 7;
- "Plaintiffs have plausibly alleged ... that Defendant had exclusive knowledge of material facts not known to Plaintiffs. ... Only Defendant knows what data security measures it implements and whether those measures adequately prevent fraud." *Id*. at p. 8; and
- "Plaintiffs *propose three theories* for how Unauthorized Users perpetrate their fraud, but emphasize that 'no matter what method of fraud Unauthorized Users are employing to obtain Card numbers, Vanilla has the same fundamental security problem: allowing Unauthorized Users to track the Card activation so that Cards can be used by Unauthorized Users at or near the time of activation.'" *Id.* at p. 8 (emphasis added).

Hon. Judge Shashi H. Kewalramani
February 6, 2024
Page 2 of 3

With these and other findings, Judge Bernal soundly rejected InComm's "six ways from Sunday" arguments that Plaintiff "did not plausibly allege that a security defect caused their harm." *Id*. at p. 8.

### 8/1/2023 Re-Served RFPs Set 1

After InComm ignored the February 28, 2023 RFPs Set 1, Plaintiff re-served the same requests on August 1, 2023. On September 29, 2023, InComm responded by asserting, among other boilerplate objections, that it need not respond to any discovery requests unrelated to the individual Plaintiffs because Plaintiffs lacked standing. The Court rejected the standing argument, as set forth below. InComm has since refused to meaningfully respond to RFPs Set 1, leaving Plaintiff with no choice but to engage in dozens of meet-and-confer emails, multiple telephone conferences, and several Informal Discovery Conferences, standing on its refusal to respond to *nearly all* RFPs Set 1.

InComm's claim that its discovery obligations are limited to the security defect on its website is inconsistent with Rule 26's mandate that Plaintiff be entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." InComm makes no showing that this discovery is unduly burdensome, that it cannot obtain and produce requested information, or that the information is not important to the case. InComm is not entitled to withhold documents absent such a showing.

### 12/1/2023 Order on InComm's MTD the SAC

On December 1, 2023, Judge Bernal issued his second Order (1) Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss. Dkt. 103. Among many other findings, Judge Bernal again found that:

- "Vanilla is responsible for every plausible explanation for how Unauthorized Users steal the Cards' Face Value." *Id.* at p. 3;
- "Plaintiffs' allegations carefully outline each *plausible theory* for their Cards' depletion, leaving only Defendant's alleged security failures as a *possible* cause. ... The remaining plausible theories Plaintiffs allege . . . are all causally linked to an alleged, and specified, security flaw that Defendant could address." *Id.* at p. 6 (emphasis added); and
- "The Court already considered [InComm's reliance] argument in its previous MTD Order and found that Plaintiffs did sufficiently plead reliance. ... As such, the Court declines to rehash this analysis, especially as this Court stated in its previous order that 'Defendant argues, six ways from Sunday, that Plaintiffs have not cured this deficiency' and then rejected Defendant's numerous arguments." *Id.* at p. 9.

Judge Bernal's December 1, 2023 Order is consistent with and reinforced the pertinent findings in his July 17, 2023 Order.

### Arguments

### Judge Bernal's Orders on InComm's MTDs Control the Scope of Discovery

Judge Bernal twice rejected InComm's "six ways from Sunday" arguments that Plaintiff has not adequately identified InComm's security defects. Seeking to undermine Judge Bernal's findings made in motion practice, InComm now improperly urges this Court to adopt its same "six ways from Sunday" arguments, this time in discovery.

InComm's Letter Brief rehashes the same "security defect" arguments it made in its Motions to Dismiss and that Judge Bernal rejected. *Compare* Dkt. 131 pp. 1-2 *to* Dkt. 45 pp. 5-10 & 12-16; Dkt. 47 pp. 2-5; Dkt. 58 pp. 13-14; & Dkt. 75 pp. 3-5.

Tellingly, InComm's Letter Brief ignores—if not outright repudiates—Judge Bernal's two Orders on the MTDs. InComm does not address *any* of Judge Bernal's key findings that set the boundaries for Plaintiff's case and, therefore, control discovery.

Moreover, InComm's *single* reference to either Order is a phrase that, when read in its full context, undermines InComm's main argument. *Compare* Dkt. 131 p. 2 (InComm arguing, "This time, the Court agreed: it held that the FAC adequately alleged InComm's '***fundamental security problem***: allowing Unauthorized Users to ***track the Card activation*** so that Cards can be used by Unauthorized Users.'") *with* Dkt. 53 pp. 8-9 (Judge Bernal finding, "This Court has previously found that Plaintiffs did not state a claim under the CLRA or the UCL's 'unlawful' prong because they did not plausibly allege that a security defect caused their harm. ... Defendant argues, six ways from Sunday, that Plaintiffs have not cured this deficiency. ... Specifically, Defendant contends that Plaintiffs have not alleged '(1) that their Vanilla Cards were depleted by fraud; (2) that the Vanilla Cards had a security defect that permitted fraudsters to drain Plaintiffs' cards; (3) that [Defendant] 'omitted' this security defect from communications that Plaintiffs read and relied upon . . . and (4) that [Defendant] had a duty to disclose the alleged security defect.' ... In fact, Plaintiffs have alleged all of these elements. Plaintiffs allege that their Cards were depleted by Unauthorized Users. ... Plaintiffs propose three theories for how Unauthorized Users perpetrate their fraud, but emphasize that 'no matter what method of fraud Unauthorized Users are employing to obtain Card numbers, Vanilla has the same fundamental security problem: allowing Unauthorized Users to track the Card activation so that Cards can be used by Unauthorized Users at or near the time of activation.'" (citations omitted)).

Judge Bernal accepted that "Vanilla is responsible for every plausible explanation for how Unauthorized Users steal the Cards' Face Value"; that "Defendant has superior knowledge of the omitted facts, including the inadequacy of its data security measures"; and that because Plaintiff has inferior knowledge of InComm's operations, Plaintiff's "plausible" and "possible" theories about InComm's security defects suffice. Since Judge Bernal authorized Plaintiff to pursue InComm on "every plausible explanation for how Unauthorized Users steal the Cards' Face Value" and InComm's "superior knowledge of the omitted facts, including the inadequacy of its data security measures," the Court should end InComm's discovery evasion on those subject matters.

### The Protective Order Governs and Protects Confidential Information

Finally, the Court should reject InComm's argument that it need not produce discovery about inexplicit "confidential anti-fraud measures," "deeply sensitive secrets," or "partnership with law enforcement." InComm cites no authority for its position that confidential information is somehow exempt from FRCP Rules 26-34, & 36-37. The December 20, 2023 Protective Order offers InComm abundant, Court-enforced protection over its confidential information. Dkt. 116.

### Conclusion

Plaintiff looks forward to the Court's resolution of InComm's failure to meaningfully respond to RFPs Set 1 on March 5, 2024.

Sincerely,

LIPPSMITH LLP

Graham B. LippSmith

cc: All counsel for all parties (via ECF)