Jane Metcalf (*pro hac vice*)
  jmetcalf@pbwt.com
David S. Kleban (*pro hac vice*)
  dkleban@pbwt.com
Peter Vogel (*pro hac vice*)
  pvogel@pbwt.com
Basil Williams (*pro hac vice*)
  bwilliams@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel: (212) 336-2000
Fax: (212) 336-2222

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Nicole G. Malick (SBN 335754)
  nmalick@dtolaw.com
DTO LAW
601 S. Figueroa St. Suite 2130
Los Angeles, CA 90017
Tel: (213) 335-7010
Fax: (213) 335-7802

Attorneys for Defendant
INCOMM FINANCIAL SERVICES, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN CLARK, et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>INCOMM FINANCIAL SERVICES, INC.,<br><br>  Defendant. | Case No.: 5:22-CV-01839-JGB-SHK<br><br>**DEFENDANT'S STATEMENT IN REPLY TO PLAINTIFF CAROLYN CLARK'S NON-OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. Jesus G. Bernal<br>Date:   June 17, 2024<br>Time:   9:00 a.m.<br>Courtroom: 1 |

Defendant InComm Financial Services, Inc. ("InComm") respectfully submits this statement in reply to Plaintiff Carolyn Clark's Response to InComm's Motion for Summary Judgment or, in the Alternative, to Deny Class Certification.

Plaintiff has affirmed in her Response that she does not oppose the relief sought in InComm's motion. Thus, all parties agree that Plaintiff's remaining claims should be dismissed with prejudice. InComm furthermore has no objection to Plaintiff's proposed order granting that relief. However, InComm reserves its right to seek attorneys' fees pursuant to 28 U.S.C. § 1927, as well as any other appropriate relief relating to Plaintiff's counsel's conduct of the case and the attendant imposition of unnecessary fees and costs on InComm. InComm would make such application, if any, within 30 days of the Court's entry of an order dismissing Plaintiff's claims.

A recent nonparty production of documents demonstrates that Plaintiff's alleged purchase of a Vanilla eGift Card, which is the basis of her claims against InComm, never actually took place. In InComm's view, the emergence of this evidence and surrounding circumstances also raise questions about counsel's conduct of the case. This is the impetus of InComm's contemplated motion for fees or other relief.

## PROCEDURAL AND FACTUAL BACKGROUND

As the Court is aware, Plaintiff alleges in the operative Complaint that she purchased a Vanilla eGift Card from InComm's Vanilla Gift website in or around late 2021 (*see* Dkt. No. 54 ("SAC") ¶ 18), and has repeated that assertion in her sworn discovery responses. However, she has no record of the purchase or of her card information. In an effort to fill this information vacuum, InComm served a July 2023 interrogatory asking Plaintiff to identify, among other things, the "method of payment used" to buy the eCard. (Interrog. 2, First Set of Interrogs., Dkt. No. 143-9.) Clark responded in September 2023 that she had used her "Bank of Hemet debit card." (Clark's Initial Resp. to Interrog. 2, Dkt. No. 143-9.) She reiterated this

assertion at her November 2023 deposition. (Clark Dep. 35:25–36:10, 63:14–17, Dkt. Nos. 143-11, 143-12.)

From there, however, the trail went cold, as detailed in InComm's motion. When InComm served a request for the relevant Bank of Hemet transaction records, Plaintiff responded that she had closed the account, no longer had the records, and was unable to obtain them despite a "reasonable and diligent search." (Clark's Resp. to RFP 5, Second Set of RFPs.) But she assured InComm that, "[t]o the extent such documents [were] located in the future, [she would] supplement the production, accordingly." (*Id.*) She likewise testified in her deposition that she had been denied access to her records despite two visits to HCN Bank, the successor to Bank of Hemet. (Clark Dep. 70:14–71:23.)

In March 2024, InComm filed the pending motion, detailing the absence of evidence to support Plaintiff's claims and her professed inability to obtain any. It was then that Plaintiff's counsel evidently decided—for the first time—to pursue the missing bank records. On March 21, 2024, Plaintiff's counsel served a subpoena on HCN Bank. Contrary to Plaintiff's claim that HCN Bank had stymied her "reasonable and diligent" pursuit of the records, the bank provided Plaintiff's counsel with the requested records promptly on March 26, 2024. The records showed that Plaintiff had made no purchase from the Vanilla Gift site in December 2021, nor at any other time from December 2020 to February 2022, the period for which bank records were produced.

Although Plaintiff had represented to InComm that she would "supplement" her production if the elusive records materialized—as Fed. R. Civ. P. 26(e) requires—that did not occur. Instead Plaintiff's counsel sat on the information for two weeks, until InComm asked what had become of the subpoena. During those two weeks, Plaintiff's counsel took the deposition of InComm witness Amy Strauser, who had submitted a declaration in support of InComm's motion. Ms. Strauser's deposition entailed significant expense, including travel of three of

InComm's attorneys to Denver for two days. These costs were entirely gratuitous because, as Plaintiff's counsel already knew by that point, Plaintiff had not even purchased a Vanilla eCard.

Beyond the injury of wasted money and time, there was also an insult. Plaintiff's counsel had insisted on deposing Ms. Strauser so they could cross-examine her about her declaration, in which she recounted **InComm's** extensive and unsuccessful efforts to find any evidence of Plaintiff's alleged eCard purchase. And indeed, Plaintiff's counsel spent most of the deposition trying to cast doubt on Ms. Strauser's conclusion that the purchase never took place. All the while they knew, and did not tell InComm, that Ms. Strauser's conclusion was correct.

## REQUESTED RELIEF

InComm's motion demonstrated, and Plaintiff agrees in her recent "Response," that the case should be dismissed with prejudice. Accordingly, InComm requests that the Court grant InComm's motion, enter judgment in InComm's favor, and dismiss all remaining claims with prejudice.

InComm further requests that, alongside its order resolving the claims, the Court provide InComm with 30 days in which to make any application for the imposition of sanctions and/or for an award pursuant to 28 U.S.C. § 1927. InComm believes this will be sufficient time to assess the fees and costs it has incurred and to make a decision about whether to pursue any such motion.[1]

---

[1] InComm has no intention of pursuing any such application against Plaintiff Clark herself. One of the many unfortunate aspects of this case is that Clark suffers from a cognitive impairment (*see* Dkt. No. 143-1 at 8-9) but that this fact did not dissuade Plaintiff's counsel from proposing her as a putative class representative, subjecting her to the discovery process, and putting her through litigation that, if they had performed reasonable diligence, they would have known she could never win.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 |  |  |
| 3 | Dated: May 21, 2024 | By: */s/ William A. Delgado* |
| 4 |  |  |
| 5 |  | William A. Delgado (SBN 222666)<br>  wdelgado@dtolaw.com |
| 6 |  | Nicole G. Malick (SBN 335754)<br>  nmalick@dtolaw.com |
| 7 |  | DTO LAW |
| 8 |  | 601 S. Figueroa St. Suite 2130<br>Los Angeles, CA 90017 |
| 9 |  | Tel: (213) 335-7010 |
| 10 |  | Fax: (213) 335-7802 |
| 11 |  | Jane Metcalf (*pro hac vice*) |
| 12 |  |   jmetcalf@pbwt.com |
| 13 |  | David S. Kleban (*pro hac vice*)<br>  dkleban@pbwt.com |
| 14 |  | Peter Vogel (*pro hac vice*)<br>  pvogel@pbwt.com |
| 15 |  | Basil Williams (*pro hac vice*) |
| 16 |  |   bwilliams@pbwt.com |
| 17 |  | PATTERSON BELKNAP WEBB &<br>TYLER LLP |
| 18 |  | 1133 Avenue of the Americas |
| 19 |  | New York, New York 10036<br>Tel: (212) 336-2000 |
| 20 |  | Fax: (212) 336-2222 |
| 21 |  | Attorneys for Defendant |
| 22 |  | INCOMM FINANCIAL SERVICES, INC. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for InComm Financial Services, Inc., certifies that this brief is three pages, which complies with the page limit set by Court order dated October 20, 2022.

Dated: May 21, 2024         By: */s/ William A. Delgado*

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Nicole G. Malick (SBN 335754)
  nmalick@dtolaw.com
DTO LAW
601 S. Figueroa St. Suite 2130
Los Angeles, CA 90017
Tel: (213) 335-7010
Fax: (213) 335-7802

Jane Metcalf (*pro hac vice*)
  jmetcalf@pbwt.com
David S. Kleban (*pro hac vice*)
  dkleban@pbwt.com
Peter Vogel (*pro hac vice*)
  pvogel@pbwt.com
Basil Williams (*pro hac vice*)
  bwilliams@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel: (212) 336-2000
Fax: (212) 336-2222

Attorneys for Defendant
INCOMM FINANCIAL SERVICES, INC.