Graham B. LippSmith (SBN 221984)
g@lippsmith.com
MaryBeth LippSmith (SBN 223573)
mb@lippsmith.com
Jaclyn L. Anderson (SBN 258609)
jla@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 3000
Los Angeles, CA 90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

Jason T. Dennett (WSBA #30686), *Pro Hac Vice*
jdennett@tousley.com
Kaleigh N. Boyd (WSBA #52684), *Pro Hac Vice*
kboyd@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Telephone: (206) 682-5600 / Fax: (206) 682-2992

Attorneys for Plaintiff Carolyn Clark

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CAROLYN CLARK;<br><br>Plaintiff,<br><br>v.<br><br>INCOMM FINANCIAL SERVICES, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:22-cv-01839-JGB-SHK<br><br>**PLAINTIFF'S COUNSEL'S APPLICATION TO FILE UNDER SEAL**<br><br>Hon. Jesus G. Bernal<br><br>Date: September 16, 2024<br>Time: 9:00 a.m.<br>Courtroom: 1 |

1

## PLAINTIFF'S COUNSEL'S APPLICATION TO FILE UNDER SEAL

Pursuant to Civil Local Rule 79-5, Plaintiff's Counsel ("Counsel") files this Application to File Under Seal Documents Submitted in support of the Opposition to Defendant's Motion for Attorneys' Fees, which are filed concurrently herewith.

Counsel seek to file limited, targeted portions of the Declaration of Carolyn Clark under seal, as good cause exists; to file attorney communications regarding a stipulated dismissal and associated documents conditionally under seal, as a courtesy to Defendant InComm Financial Services, Inc. ("InComm"), as InComm claims the documents are subject to confidentiality; to file under seal limited, targeted portions of draft settlement agreements the Parties exchanged, as good cause exists; and to conditionally file targeted excerpts of the transcripts of the depositions of Alison Ledford and Amy Strauser.

### Declaration of Carolyn Clark

Pursuant to Local Rule 79-5-2.2(a), Counsel seek to file limited portions of the Declaration of Carolyn Clark under seal. Because InComm's Motion for Attorney's Fees ("Motion") is a nondispositive motion, the good cause standard applies to Counsel's application to seal. *Delalat v. Nutiva, Inc.*, 2018 WL 1087959, at *1–2 (N.D. Cal. Feb. 26, 2018).

Good cause exists to file specific parts of Ms. Clark's declaration under seal. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

1 First, Counsel seek to seal parts of Ms. Clark's declaration that discuss attorney-client privileged information. *Creative Tent Int'l Inc. v. Kramer*, 2015 WL 4638320, at *3 (D. Ariz. Aug. 4, 2015) (holding "the presence of privileged attorney-client communications is a compelling reason to seal the subject judicial record"—exceeding the good cause standard). Specifically, Ms. Clark's declaration discusses both the contents of her fee agreement with Counsel and her privileged communications with Counsel. Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); Cal. Bus. & Prof. Code § 6149 ("A written fee contract shall be deemed to be a confidential communication within the meaning of subdivision (e) of Section 6068 and of Section 952 of the Evidence Code.")

Second, Counsel seek to seal information about Ms. Clark's difficult personal circumstances related to housing, finances, and the securing of her personal items. Disclosure of this information puts Ms. Clark at risk of specific harm: the potential to be taken advantage of or the risk of an identity-based scam. *Phillips*, 307 F.3d at 1210–11. Moreover, good cause exists for the Court to issue an order protecting Ms. Clark from the annoyance and embarrassment that would come with disclosure of this information. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)

Finally, Counsel seek to seal parts of Ms. Clark's declaration that discuss her medical condition. "The need to protect medical privacy qualifies in general as a 'compelling reason,'" which exceeds the good cause standard. *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-cv-01569RSM, 2013 WL 5588312, at

3

PLAINTIFF'S COUNSEL'S APPLICATION TO FILE UNDER SEAL

*1 (W.D. Wa. 2013).

Counsel for InComm indicated that it does not object to sealing the following portions of Ms. Clark's declaration: (1) discussion of Ms. Clark's challenging personal circumstances at page 4, ¶ 13, lines 1–20; and (2) the two-word term describing Ms. Clark's health condition at page 5, ¶ 17, line 22. Anderson Dec. ISO App. to Seal ¶ 8, Ex. 26. InComm's counsel further indicated it does not consent to Counsel's application to seal the other contents of Ms. Clark's declaration. *Id.*

## **Attorney Communications Regarding Stipulated Dismissal & Related Collateral**

Pursuant to Local Rule 79-5-2.2(a), Counsel seek the conditional filing under seal of communications among Plaintiff's Counsel and InComm's counsel regarding a potential stipulated dismissal, as well as related collateral, including draft settlement agreements that the Parties exchanged. Counsel seek to file these communications and documents conditionally under seal, based on InComm's statement in a June 21, 2024 phone call that the entirety of the communications and documents are confidential settlement negotiations and InComm's further request that all of these communications be provisionally filed under seal by email dated July 29, 2024. Anderson Dec. ISO App. to Seal ¶ 12, Ex. 26. The entirety of these communications appear as Exhibits 1–11 to the Declaration of Graham B. LippSmith in Support of Opposition to Defendant's Motion for Attorneys' Fees, and Counsel is filing the entirety of these documents provisionally under seal. In addition, Counsel is filing the Declaration of Graham

4

B. LippSmith in Support of Opposition to Defendant's Motion for Attorneys' Fees with redactions to seal references to these communications and documents. While Counsel file the accompanying application to conditionally seal these materials as a professional courtesy, Counsel dispute that the entirety of these communications and documents should be filed under seal and believes no good cause exists to do so.

"The text of [] rule [408] is clear: evidence from settlement negotiations may not be considered in court 'when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction,'" and "statements made in settlement negotiations are only excludable under the circumstances protected by the Rule." *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007). Rule 408 has "limited applicability," and "[w]hen statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured." *Id.* at 1161–62. In fact, courts have "allowed evidence of settlement negotiations to be used to show bad faith in the negotiation process itself," *Elia v. Roberts*, 2017 WL 4844296, at *8 (E.D. Cal. Oct. 25, 2017), and to show motive, *Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*, 2004 WL 2513467, at *2 (N.D. Cal. Nov. 3, 2004); "*Uforma/Shelby Business Forms, Inc. v. N.L.R.B.,* 111 F.3d 1284, 1293–94 (6th Cir.1997) ("Rule 408 is 'inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions,'") (quoting 23 Charles Alan Wright & Kenneth W. Graham, Jr., FEDERAL PRACTICE AND

5

PROCEDURE: EVIDENCE § 5314 (1st ed.1980)). Because the communications among counsel regarding a stipulated dismissal and the related documents go to InComm's motive for bringing its Motion for Attorneys' Fees, Rule 408 does not protect the settlement negotiations from disclosure to the Court or from being on the public record.

Also Pursuant to Local Rule 79-5-2.2(a), Counsel seek to file under seal only specific, targeted portions of the draft settlement agreements the Parties exchanged. Some of the draft agreements InComm proposed included Recitals that contain false, harsh, and incendiary statements related to Counsel. These Recitals appear as Exhibits 3b (pp. 1–3), 4a (p. 1), 5a (pp. 1–2), and 6a (p. 1), to the Declaration of Graham B. LippSmith in Support of Opposition to Defendant's Motion for Attorneys' Fees. Good cause exists to seal these Recitals, which would cause Counsel prejudice and harm in their future work by painting them in an untrue, misleading, and damaging manner, harming their practice of law and because the Recitals would only serve to annoy, embarrass, and oppress Counsel and cause them undue burden and expense. Should the Court agree that only the Recitals portions of these communications should be sealed, Counsel will provide redacted versions of the communications for filing on the public docket.

Counsel for InComm indicated that it does not agree that Counsel may redact only the Recitals portion of draft settlement agreements and asked that all settlement negotiations and their collateral be provisionally filed under seal, so that it may make any motion to seal those materials that it deems necessary.

PLAINTIFF'S COUNSEL'S APPLICATION TO FILE UNDER SEAL

Anderson Dec. ISO App. to Seal ¶ 12, Ex. 26.

### Deposition of Alison Ledford

During the October 27, 2023 deposition of Alison Ledford, InComm's counsel "provisionally designated" the entire transcript of Ms. Ledford's deposition as "Highly Confidential" pursuant the Parties' then-interim protective order.

Counsel seek the conditional filing of limited portions of excerpts of the transcript of Ms. Ledford's deposition under seal, based on InComm's designation of the entire transcript as "Highly Confidential." These transcript excerpts appear as Exhibit 18 to the Declaration of Jaclyn L. Anderson in Support of Opposition to Defendant's Motion for Attorneys' Fees, and Counsel is filing the entirety of these documents provisionally under seal. Counsel dispute that any portion of Ms. Ledford's deposition should be filed under seal and does not believe good cause exists to file any portion of the transcript under seal.

Counsel informed InComm's counsel of the transcript portions they intend to use in Opposition to the Motion, hoping to arrive at an agreement for limited redactions in lieu of an application to seal those excerpts. Anderson Dec. ISO App. to Seal ¶ 15, Ex. 26. InComm's counsel indicated that it is "not prepared to suspend or modify [their] previous confidentiality designations" and requested that Counsel provisionally file the excerpts under seal as planned. *Id.*

### Deposition of Amy Strauser

The Court entered the Parties' stipulated Protective Order on December 20, 2023. Dkt. 116. That Protective Order addresses "Confidential" and "Highly

7

Confidential" designations.

During the April 4, 2024 Deposition of Amy Strauser, InComm's counsel "provisionally designated" the entire transcript of Ms. Strauser's deposition as "Highly Confidential," pursuant to the Protective Order.

Counsel seek the conditional filing of limited portions of excerpts of the transcript of Ms. Strauser's deposition under seal, based on InComm's designation of the entire transcript as "Highly Confidential." These transcript excerpts appear as Exhibit 24 to the Declaration of Jaclyn L. Anderson in Support of Opposition to Defendant's Motion for Attorneys' Fees, and Counsel is filing the entirety of these documents provisionally under seal. Counsel dispute that any portion of Ms. Strauser's deposition should be filed under seal and does not believe good cause exists to file any portion of the transcript under seal.

Counsel informed InComm's counsel of the transcript portions they intend to use in Opposition to the Motion, hoping to arrive at an agreement for limited redactions in lieu of an application to seal those excerpts. Anderson Dec. ISO App. to Seal ¶ 19, Ex. 26. InComm's counsel indicated that it is "not prepared to suspend or modify [their] previous confidentiality designations" and requested that Counsel provisionally file the excerpts under seal as planned. *Id.*

### **Memorandum of Points and Authorities in Opposition to Motion for Attorneys' Fees**

Plaintiff's Counsel's Memorandum of Points and Authorities in Opposition to InComm's Motion ("Memo") includes and references material described therein that Counsel and InComm seek to maintain under seal. This material

8

includes portions of the Declaration of Carolyn Clark; communications regarding potential settlement and its collateral, including drafts of a stipulated dismissal and settlement agreement; excerpts of the transcript of the deposition of Alison Ledford; and excerpts of the transcript of the deposition of Amy Strauser. Counsel seeks to maintain depictions and references to this material in the Memo under seal as indicated throughout this Application.

DATED this 31st day of July, 2024.

Respectfully submitted,

**LIPPSMITH LLP**

By: */s/ Jaclyn L. Anderson*
GRAHAM B. LIPPSMITH
MARYBETH LIPPSMITH
JACLYN L. ANDERSON

**TOUSLEY BRAIN STEPHENS PLLC**

JASON T. DENNETT, WSBA #30686
*Pro Hac Vice*
KALEIGH N. BOYD, WSBA #52684,
*Pro Hac Vice*

Attorneys for Plaintiff