UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 22-1839 JGB (SHKx)** | Date | September 13, 2024 |
| Title | *Carolyn Clark, et al. v. InComm Financial Services, Inc.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Defendant's Application to File Motion for Attorneys' Fees Partially Under Seal (Dkt. No. 164); (2) GRANTING-IN-PART and DENYING-IN-PART Plaintiff's Application to File Opposition to Motion for Attorneys' Fees Partially Under Seal (Dkt. No. 170); (3) GRANTING Defendant's Application to Permanently Seal Portions of Opposition to Motion for Attorneys' Fees (Dkt. No. 175); and (4) GRANTING-IN-PART and DENYING-IN-PART Defendant's Application to File Reply in Support of Motion for Attorneys' Fees Partially Under Seal (Dkt. No. 179) (IN CHAMBERS)

    Before the Court are: Defendant InComm Financial Service's ("Defendant") application to file a motion for attorneys' fees partially under seal ("MAF App.," Dkt. No. 164); Plaintiff Carolyn Clark's ("Plaintiff") application to file an opposition to the motion for attorneys' fees partially under seal ("Pl. Opp. App.," Dkt. No. 170); Defendant's application for an order to permanently seal portions of Plaintiff's opposition to the motion for attorneys' fees ("Def. Opp. App.," Dkt. No. 175); and Defendant's application to file a reply in support of the motion for attorneys' fees partially under seal ("Reply App.," Dkt. No. 179) (collectively, "Applications"). The Court determines these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15.  Upon consideration of the papers filed in support of and in opposition to the Applications, the Court **GRANTS** the MAF App., **GRANTS-IN-PART** and **DENIES-IN-PART** the Pl. Opp. App., **GRANTS** the Def. Opp. App., and **GRANTS-IN-PART** and **DENIES-IN-PART** the Reply App.

//
//

## I. BACKGROUND

On October 18, 2022, Plaintiffs Tarika Stewart, Carolyn Clark, Sharon Manier, Shelby Cooper, and Aquilla Thompson (collectively, "Original Plaintiffs") filed a class action complaint against Defendant InComm Financial Services, Inc. ("Defendant" or "Incomm"), doing business as Vanilla Gift. ("Complaint," Dkt. No. 1.) On December 14, 2022, Defendant moved to dismiss the Complaint. (Dkt. No. 23.) On March 16, 2023, the Court granted Defendant's motion to dismiss and granted Original Plaintiffs leave to amend. (Dkt. No. 41.)

On April 7, 2023, Original Plaintiffs filed a first amended complaint. ("FAC," Dkt. No. 44.) Defendant moved to dismiss the FAC on April 28, 2023. (Dkt. No. 45.) On July 17, 2023, the Court granted-in-part and denied-in-part Defendant's motion to dismiss and granted Original Plaintiffs leave to amend. (Dkt. No. 53.)

On August 7, 2023, Original Plaintiffs filed a second amended complaint. ("SAC," Dkt. No. 54.) Defendant moved to dismiss the SAC on September 1, 2023. ("MTD," Dkt. No. 58.) On December 1, 2023, the Court granted-in-part and denied-in-part Defendant's MTD. ("MTD Order," Dkt. No. 103.)

As part of the MTD Order, the Court dismissed Plaintiff Sharon Manier's sole claim without leave to amend. (See MTD Order at 12; SAC.) Plaintiff Shelby Cooper was voluntarily dismissed from the action on November 1, 2023. ("Cooper Dismissal," Dkt. No. 86.) Plaintiffs Aquilla Thompson and Tarika Stewart were later dismissed from the action for failure to prosecute. ("Thompson Dismissal," Dkt. No. 121; "Stewart Dismissal," Dkt. No. 127.) The only remaining plaintiff was Carolyn Clark ("Plaintiff" or "Clark"). The remaining claims alleged in the SAC were: (1) violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (2) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., for unlawful business practices; (3) violations of the UCL for unfair business practices; and (4) unjust enrichment. (See SAC.)

On April 10, 2024, Defendant filed a motion for summary judgment. ("MSJ," Dkt. No. 152.) On May 30, 2024, the Court granted Defendant's MSJ and entered judgment in favor of Defendant and against Plaintiff. ("MSJ Order," Dkt. No. 162.)

On July 1, 2024, Defendant filed the MAF App. (MAF App.) Defendant indicates that Plaintiff does not oppose the MAF App. (See id. at 1.)

On July 31, 2024, Plaintiff filed the Pl. Opp. App. (Pl. Opp. App.) In support of the Pl. Opp. App., Plaintiff submitted the declaration of attorney Jaclyn L. Anderson ("Anderson Decl.," Dkt. No. 171) with attached exhibit ("Anderson Ex. 26," Dkt. No. 171-1.) On August 8, 2024, Defendant filed a partial opposition to the Pl. Opp. App. ("Def. Partial Opp.," Dkt. No. 177.)

On August 8, 2024, Defendant also filed the Def. Opp. App. (Def. Opp. App.) The same day, Defendant filed the declaration of attorney Ryan Lewis in support of the Def. Opp. App. ("Lewis Decl.," Dkt. No. 176.)

On August 30, 2024, Defendant filed the Reply App. (Reply App.) In support of the Reply App., Defendant filed the declaration of David Kleban. ("Kleban Decl.," Dkt. No. 180.)

## II.   LEGAL STANDARD

There is a strong presumption against filing documents under seal. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Generally, two standards govern requests to seal documents: the "compelling reasons" standard and the "good cause" standard. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 667 (9th Cir. 2010). The "good cause" standard is an "exception" to the "presumptive 'compelling reasons' standard" and only applies to "sealed materials attached to a discovery motion unrelated to the merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1097 (9th Cir. 2016). For all other cases, a party seeking to seal a judicial record bears the burden of presenting "compelling reasons." Kamakana, 447 F.3d at 1178-79. "[T]he party must 'articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" Id. Compelling reasons exist when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1120 (9th Cir. 2012) (citation and quotation omitted).

The existence of a protective order sealing documents during discovery "may reflect a court's previous determination that good cause—a lower threshold than that required for finding a compelling reason to seal—exists to keep the document sealed." Kamakana, 447 F.3d at 1179-80. However, "a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed." Day v. GEICO Casualty Co., 2023 WL 6558404, at *2 (N.D. Cal. Sept. 21, 2023).

## III.   DISCUSSION

### A. MAF Application

Defendant seeks to file under seal portions of its motion for attorneys' fees. (See MAF App. At 1.) Specifically, Defendant requests to seal the specialized billing rates charged by its attorneys at Patterson Belknap Webb and Tyler LLP ("Counsel") during the fee period from January 24, 2024 through April 10, 2024 ("Fee Period"). (See id.) Plaintiff does not oppose the MAF App. (See id.) Defendant argues that the disclosure of its negotiated billing rates, which are not publicly known, could cause Counsel competitive harm by placing it at a disadvantage in future rate negotiations. (See id.)

The Court finds that Defendant has shown compelling reason to seal Counsel's billing rates. Courts often seal attorneys' negotiated billing rates that "are competitively sensitive and not publicly known." See Monster Energy Co. v. Vital Pharmaceuticals, Inc., 2023 WL 8168854, at *2 n.1 (C.D. Cal. Oct. 6, 2023) (quoting Mine O'Mine, Inc. v. Calmese, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012), aff'd, 489 F. App'x 175 (9th Cir. 2012)); see also E&J Gallo Winery v. Proximo Spirits, Inc., 2012 WL 1635190, at *1 (E.D. Cal. May 8, 2012). Accordingly, the Court **GRANTS** the MAF App.

**B. Defendant's Opposition Application**

Defendant seeks to permanently seal certain materials filed in support of Plaintiff's opposition to Defendant's motion for attorneys' fees. (See Def. Opp. App. At 2-3.) Specifically, Defendant requests to seal: (1) draft settlement agreements and dismissal stipulations; and (2) discussion and excerpts of the depositions of Defendant's employees Alison Ledford and Amy Strauser. (See id. at 8.) Plaintiff has not opposed the Def. Opp. App.

In her opposition to the motion for attorneys' fees, Plaintiff discusses and submits the parties' draft settlement agreements and dismissal stipulations. (See Dkt. Nos. 171-7–8, 10, 12, 14, 16–17, 19, 21, 23.) The Court finds that Defendant presents compelling reasons to seal the draft settlement agreements and dismissal stipulations. "[C]ourts have long recognized the general policy of protecting settlement negotiations and communications in order to promote settlement." Celgard, LLC v. Targray Technology International Inc., 2019 WL3841997, at *2 (N.D. Cal. Aug. 15, 2019) (citing United States v. Contra Costa Cty. Water Dist., 687 F.2d 90, 92 (9th Cir. 1982)). Courts regularly find that confidential settlement agreements contain sensitive commercial information that could disadvantage parties' competitive standing or future negotiations. See Riot Games, Inc. v. Shanghai Moonton Technology Co., Ltd., 2022 WL 17254848, at *2 (C.D. Cal. Oct. 13, 2022) (finding that a settlement agreement was "sensitive commercial information that could disadvantage the competitive standing of the parties to the agreement[]"); In re Xyrem (Sodium Oxybate) Antitrust Litig., 2021 WL 3604670, at *3 (N.D. Cal. Aug. 13, 2021) (sealing settlement agreements where disclosure would "disadvantage [parties] in future settlement negotiations"); Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc., 2020 WL 1911502, at *4 (S.D. Cal. Apr. 20, 2020) (finding compelling reasons to seal a settlement agreement and references to the settlement agreement). Accordingly, the Court finds compelling reason to seal the draft settlement agreements and stipulations for dismissal: Dkt. Nos. 171-7–8, 10, 12, 14, 16–17, 19, 21, 23.

Plaintiff also submits and discusses excerpts of the depositions of Alison Ledford and Amy Strauser. (See "Ledford Deposition," Dkt. No. 171-25; "Strauser Deposition," Dkt. No. 171-26.) The Ledford and Strauser Depositions discuss Defendant's process to detect fraud and to search its database for past purchases and transactions. (See id.) The Court previously found that similar information, included in the declarations of Alison Ledford and Amy Strauser, could be filed under seal because it was commercially sensitive. (See Dkt. Nos. 104, 147.) Accordingly, the Court again finds compelling reasons to seal the Ledford and Strauser Deposition excerpts and discussion of the depositions: Dkt. Nos. 171-25–26.

The Court **GRANTS** the Def. Opp. App.

**C. Plaintiff's Opposition Application**

Plaintiff seeks to seal the following documents submitted in support of its opposition to the motion for attorneys' fees: (1) portions of the declaration of Plaintiff Carolyn Clark; (2) attorney communications regarding a stipulated dismissal and associated documents, which Defendant asserts are subject to confidentiality; (3) targeted portions of the draft settlement agreements; and (4) targeted excerpts of the depositions of Alison Ledford and Amy Strauser. (See Pl. Opp. App. At 2.) As stated above, the Court granted Defendant's application to seal the latter three sets of documents. The Court therefore **DENIES-AS-MOOT** the last three categories of Pl. Opp. App. and addresses only Plaintiff's declaration.

Plaintiff seeks to seal portions of her declaration which relate to: "attorney-client privileged information," in paragraphs 3, 4, 5, 10, 12, 15, and 16 of the declaration; "difficult personal circumstances" such as housing, finances, and her personal items, in paragraph 13 of the declaration; and her medical condition, in paragraph 17 of the declaration. (See id. at 3-4; "Clark Decl.," Dkt. No. 172-18.) Defendant only opposes sealing Plaintiff's "attorney-client privileged information," including her communications and fee agreement with her counsel. (See Def. Partial Opp. at 1.)

First, Defendant opposes sealing the "attorney-client privileged information" because it argues that Plaintiff has waived the privilege. (See id. at 1-2.) In fact, in the Clark Decl., Plaintiff states: "I am choosing to waive the attorney-client privilege." (Clark Decl. ¶ 3.) Despite this admission, Plaintiff seeks to seal the information because she contends it is privileged. (See Pl. Opp. App. at 3.) "Where legal advice of any kind is sought from a professional legal adviser in his or her capacity as such, confidential communications relating to that purpose are permanently protected from disclosure ***unless the attorney-client privilege is waived***." Moreno v. SFX Entertainment, Inc., 2015 WL 12683794, at *3 (C.D. Cal. Aug. 28, 2015) (emphasis added) (citing United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2022)). Here, Plaintiff clearly waives attorney-client privilege. (See Clark Decl. ¶ 3.) As such, her communications with her counsel are not protected and the Court does not find good cause or compelling reason to seal the communications or fee agreement.

Second, Plaintiff seeks to seal text in paragraph 13 of her declaration, which relates to difficult personal circumstances surrounding her housing, finances, and lost personal belongings. (See Pl. Opp. App. at 3.) Plaintiff argues that her request should be analyzed under the "good cause" standard, because a motion for attorneys' fees is not dispositive. (See id. at 2.) The Court agrees: "[T]he relevant motion is one for attorney's fees, and the information is only tangentially related to the merits. Therefore, the good cause standard applies." L.A. International Corp. v. Prestige Brands Holdings, Inc., 2024 WL 3221734, at *1 (C.D. Cal. June 5, 2024). In contrast to the compelling reasons standard, the good cause standard allows the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression or

undue burden or expense." Kaneka Corp. v. SKC Kolon Pl, Inc., 2017 WL 11643348, at *2 (C.D. Cal. Nov. 7, 2017) (citing Fed. R. Civ. P. 26(c)). The Court concludes that sealing information related to difficult personal circumstances in the Clark Decl. would protect Plaintiff from undue embarrassment. As such, the Court finds good cause to seal paragraph 13 of the Clark Decl.

Finally, Plaintiff seeks to seal a reference to her medical condition, in paragraph 17 of her declaration. (See Pl. Opp. App. at 3-4.) "Medical records are subject to an array of privacy regulations due to their confidential nature," and the disclosure of medical information could subject Plaintiff to "annoyance, embarrassment, oppression, or undue burden." See Dean v. Colgate-Palmolive Co., 2017 WL 11585683, at *4 (C.D. Cal. May 15, 2017). Accordingly, the Court finds good cause to seal paragraph 17 of the Clark Decl.

The Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Pl. Opp. App: the Court **GRANTS** the request to seal information related to Plaintiff's difficult personal circumstances and medical condition in the Clark Decl. (paragraphs 13 and 17); **DENIES** the request to seal attorney-client communications in the Clark Decl.; and **DENIES-AS-MOOT** the request to seal attorney communications related to a stipulated dismissal, portions of the draft settlement agreements, and portions of the depositions of Alison Ledford and Amy Strauser.

## D. Reply Application

In support of its reply brief, Defendant seeks to seal the following information that Plaintiff designated as confidential in its Pl. Opp. App.: (1) information about Plaintiff's difficult personal circumstances; (2) Plaintiff's attorney-client communications; and (3) information about Plaintiff's medical condition. (See Reply App. at 2; "Reply," Dkt. No. 179-1.) The Court addressed all three categories of information above, and it found good cause to seal only the information related to Plaintiff's difficult personal circumstances and medical condition. Accordingly, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Reply App.: the Court **GRANTS** the request to seal the portions of the Reply related to Plaintiff's personal circumstances and medical condition (line 9 of page 2, and lines 6-7, 12, and 14 of page 4); and **DENIES** the request to seal the portions of the Reply related to Plaintiff's attorney-client communications.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. The MAF App. is **GRANTED**.

2. The Def. Opp. App. is **GRANTED**.

3. The Pl. Opp. App. is **GRANTED-IN-PART** and **DENIED-IN-PART**: the Court **GRANTS** the Pl. Opp. App. as to paragraphs 13 and 17 of the Clark Decl. and **DENIES** the Pl. Opp. App. as to Plaintiff's attorney-client communications.

4. The Reply App. is **GRANTED-IN-PART** and **DENIED-IN-PART**: the Court **GRANTS** the Reply App. as to line 9 of page 2, and lines 6-7, 12, and 14 of page 4 of the Reply; and **DENIES** the Reply App. as to Plaintiff's attorney-client communications.

**IT IS SO ORDERED.**