UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-1839 JGB (SHKx)** | Date | November 8, 2024 |
|---|---|---|---|
| Title | *Carolyn Clark, et al. v. InComm Financial Services, Inc.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING IN PART Defendant's Renewed Motion for Attorneys' Fees (Dkt. No. 190); (2) GRANTING Defendant's Application File Under to Seal and Plaintiff's Application to Conditionally File Under Seal (Dkt. Nos. 190, 192); and (3) VACATING the November 18, 2024 Hearing (IN CHAMBERS)

Before the Court is Defendant InComm Financial Service's ("Defendant") renewed motion for attorneys' fees. ("Motion," Dkt. No. 190.) The Court determines this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. Upon consideration of the papers filed in support of and in opposition to the Motion, the Court **GRANTS IN PART** the Motion, **GRANTS** Defendant's Application to File Under Seal (Dkt. No. 190) and Plaintiff's Counsel's Application to Conditionally File Under Seal (Dkt. No. 192), and **VACATES** the November 18, 2024 hearing.

## I. BACKGROUND

The parties are familiar with the procedural history of this case; the Court relates only the background necessary to understand the Motion.

On October 18, 2022, Plaintiffs Tarika Stewart, Carolyn Clark, Sharon Manier, Shelby Cooper, and Aquilla Thompson (collectively, "Original Plaintiffs") filed a class action complaint against Defendant InComm Financial Services, Inc ("Defendant" or "Incomm"), doing business as Vanilla Gift. ("Complaint," Dkt. No. 1.) After several motions to dismiss, the dismissal of some plaintiffs due to failure to prosecute, and the voluntary dismissal of another, as of January 24, 2024, only Plaintiff Clark remained. (Dkt. Nos. 86, 103, 121, 127.)

On April 10, 2024, Defendant filed a motion for summary judgment. ("MSJ," Dkt. No. 152.) On May 30, 2024, the Court granted Defendant's MSJ and entered judgment in favor of Defendant and against Plaintiff. ("MSJ Order," Dkt. No. 162.)

On July 1, 2024, Defendant filed their first motion for attorneys' fees. ("Original Motion.") Defendant sought fees against Plaintiff's counsel, LippSmith LLP and Tousley Brain Stevens PLLC (jointly, "Plaintiff's Counsel"), and not against Plaintiff herself. (Original Motion at 15 n.6.) In support of the Original Motion, Defendant filed the declaration of attorney Jane Metcalf ("Original Metcalf Decl.," Dkt. No. 164-3) with attached exhibits ("Metcalf Exs. A-L," Dkt. Nos. 164-4–15).

On July 31, 2024, Plaintiff opposed the Original Motion. ("Original Opposition," Dkt. No. 171.)

Defendant replied on August 30, 2024. ("Original Reply," Dkt. No. 179.) In support of the Reply, Defendant filed the supplemental declaration of attorney Jane Metcalf ("Original Metcalf Supp. Decl.," Dkt. No. 179-2) with attached exhibits ("Original Metcalf Supp. Exs. A-B," Dkt. Nos. 179-3–4).

On September 23, 2024, the Court denied Defendant's motion for attorneys' fees. ("Order Denying Fees," Dkt. No. 181.) The Court first found that "attorneys' fees are warranted" because "Plaintiff's Counsel unreasonably 'multiplied the proceedings' in bad faith." (Id. at 6 (quoting 28 U.S.C. § 1927).) In short, Plaintiff's Counsel "was long aware that Clark had no evidence of her eCard purchase" and Plaintiff's Counsel "knew or should have known it lacked a factual basis for the action." (Order Denying Fees at 6.) The Court also found Defendant's Counsel's requested rates to be reasonable. (Id. at 7–8.) However, the Court ultimately denied Defendant's motion because it found "the total hours billed—over 800 hours for under three months of work in a relatively straightforward case—to be outrageous." (Id. at 8.) Defendant's only documentation consisted of "a breakdown of the hours by attorney and a list of 'most significant categories of work.'" (Id. at 8 (quoting Original Metcalf Decl. ¶ 29).) The Court instructed Defendant to "provide itemized billing statements which show the hours spent by task (e.g., preparation of the MSJ) and by attorney" if it were to renew its motion. (Order Denying Fees at 8.)

On September 27, 2024, Defendant renewed its motion for attorneys' fees. ("Renewed Motion," Dkt. No. 190-1.) In support, Defendant filed the declaration of attorney Jane Metcalf ("Renewed Metcalf Decl.," Dkt. No. 190-2) with attached exhibits ("Renewed Metcalf Exs. A–C," Dkt. Nos. 190-3–5), and the declaration of Defendant's in-house counsel Ryan Lewis ("Renewed Lewis Decl.," Dkt. No. 190-6). Defendant submitted an application to file the Renewed Motion and Exhibit A, documenting Defendant's Counsel's billed hours and rates, under seal. ("Renewed Application to Seal," Dkt. No. 190.)

On October 7, 2024, Plaintiff's Counsel opposed the Renewed Motion. ("Renewed Opposition," Dkt. No. 192.) In support, Plaintiff's Counsel filed the declaration of attorney Graham Lippsmith ("Renewed Lippsmith Decl.," Dkt. No. 194-1) with attached exhibits ("Renewed Lippsmith Exs. A–E," Dkt. Nos. 194-2–6). Plaintiff's Counsel also applied to conditionally file under seal, so as to protect the same billing and rate information Defendant seeks to seal. ("Renewed Opp. App. to Seal," Dkt. No. 192.)[1]

On October 15, 2024, Defendant replied. ("Renewed Reply," Dkt. No. 196.) In support, Defendant filed the declaration of attorney Jane Metcalf ("Renewed Metcalf Supp. Decl.," Dkt. No. 196-1) with an attached exhibit ("Renewed Metcalf Supp. Ex. 1," Dkt No. 196-2).

## II. LEGAL STANDARD

Once a party establishes its entitlement to attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" Hensley v. Echkerhart, 461 U.S. 424, 433 (1983). Courts generally apply the lodestar method to determine the reasonableness of requested attorneys' fees. Id. Under the lodestar method, a court multiplies "the time spent" with the "reasonable hourly compensation of each attorney involved in the presentation of the case." Graham v. DaimlerChrysler Corp., 34 Cal.4th 553, 579 (2004). A client's payment of the full fee amount "adds weight to the presumption of reasonableness" of the lodestar. Sazerac Co. v. Fetzer Vineyards, Inc., No. 15-cv-04618, 2017 WL 6059271, at *11 (N.D. Cal. Dec. 7, 2017) (quoting Stonebrae, L.P. v. Toll Bros., Inc., No. C–08–0221, 2011 WL 1334444, at *6 (N.D. Cal. Apr. 7, 2011)).

Once the moving party establishes a reasonable lodestar, "the opposing party has the burden of submitting evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party[.]" Sazerac, 2017 WL 6059271, at *11 (quoting Rodriguez v. Barrita, 53 F. Supp. 3d 1268, 1280 (N.D. Cal. 2014)). In addressing the opposing

---

[1] The Court grants both Defendant's and Plaintiff's Counsel's applications to seal portions of Defendant's Renewed Motion for Attorney's Fees and Plaintiff's Counsel's Opposition to that motion. (Renewed App. to Seal; Renewed Opp. App. to Seal.) Plaintiff takes no position on Defendant's Application to Seal, and conditionally seeks to seal their opposition consistent with the Court's determination of Defendant's Application to Seal. (Renewed Opp. App. to Seal. at 2.) The Court previously granted Defendant's application to file under seal to protect the specialized billing rates charged by the attorneys at Patterson Belknap Webb and Tyler LLP. ("Order Granting in Part App. to Seal," Dkt No. 183 ("Courts often seal attorneys' negotiated billing rates that "are competitively sensitive and not publicly known." (quoting Monster Energy Co. v. Vital Pharmaceuticals, Inc., 2023 WL 8168854, at *2 n.1 (C.D. Cal. Oct. 6, 2023)).) Defendant and Plaintiff's Counsel now seek to seal the portions of the submitted billing records—time and amounts billed per entry—that if unredacted, would reveal information this Court previously permitted to be filed under seal. (Order Granting in Part App. to Seal at 3–4.) For the same reasons the Court previously granted Defendant's Application to Seal, it now **GRANTS** Defendant's and Plaintiff's Counsel's applications to file under seal.

party's objections, the Court "need not . . . become [a] green-eyeshade accountant[]," rather "[t]he essential goal . . . is to do rough justice , not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011).  The Court should take into account its "overall sense of a suit," and using "estimates in calculating and allocating an attorney's time" is permissible.  Id.

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (internal citations omitted).  For example, hours may be reduced by the court "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).  "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 839 (9th Cir. 1982).

"When faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." In re Ford Motor Co. DPS6 Powershift Transmission Products Liability Lit., No. 18-02814, 2021 WL 3163799, at *6 (C.D. Cal. July 22, 2021) (quoting Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992)). "A court that exercises its discretion to reduce the lodestar amount by an across-the-board percentage reduction typically must explain its reasons for doing so." Ford, 2021 WL 3163799, at *6 (quoting Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013)). "Nevertheless, the district court can impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more specific explanation." Ford, 2021 WL 3163799, at *6 (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

### III.  DISCUSSION

In its previous order, the Court determined that Defendant is entitled to recover fees from Plaintiff's Counsel because Plaintiff's Counsel litigated the case in bad faith during the Fee Period—the time Plaintiff Clark was the last remaining plaintiff until Defendant filed its motion for summary judgment, January 24, 2024–April 10, 2024 ("Fee Period").  (Order Denying Fees at 4–6.)  28 U.S.C. § 1927; Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000).  The Court also found that Defendant's requested rates are reasonable.  The only question remaining is whether Defendant's billed time is reasonable.

Defendant requests $741,032.56 in fees for the Fee Period.  Defendant's Counsel billed the requested amount to Defendant InComm, which paid in full.  (Renewed Reply at 2; Renewed Metcalf Supp. Decl. at ¶¶ 3–5.)  While InComm's payment gives weight to the presumptive reasonableness of the lodestar, the Court must still consider Plaintiff's objections to the reasonableness of Defendant's requested fee.  Sazerac, 2017 WL 6059271, at *11.

A.    **Redacted Entries**

Plaintiff argues that the over half of Defendant's billed time is attributed to redacted entries that are "completely indecipherable" and "make[e] it impossible to discern the tasks included in a particular time entry." (Renewed Opposition at 4–6.) Defendant argues that such redactions are necessary "to protect the attorney-client privilege while still affording the Court sufficient detail to determine the reasonableness of the hours requested." Maloney v. T3Media, Inc., No. CV 14–05048, 2015 WL 3879634, at *9 (C.D. Cal. May 27, 2015).

The Court mostly agrees with Plaintiff's Counsel. When a party's redacted entries fail to "provide even a general description of the subject matter" for a billed task, it becomes "impossible to assess the reasonableness" of those entries. Signature Networks, Inc. v. Estefan, No. C 03-4796, 2005 WL 1249522, at *8 (N.D. Cal. May 25, 2005). However, when the "redactions do not impair the ability of the court to judge whether the work was an appropriate basis for fees," a reduction of the award is unnecessary. Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1286 (9th Cir. 2004).

Here, some entries are completely redacted. (E.g., Renewed Metcalf Decl. Ex. A at 12, line 252). The Court will not award fees for those entries. Kobos v. Schwan's Home Serv., Inc., No. CV-F-09-856, 2010 WL 3943609, at *5 (E.D. Cal. Oct. 4, 2010) (reducing award for completely and partially redacted entries).

Many entries are essentially completely redacted. A moving party's redactions must permit the Court to "form a judgment on whether [the requested] fees were legitimate." Reed, 388 F.3d at 1286. Redactions that preserve the substantive information of the entry are sometimes permissible, e.g. "Counsel call to discuss [REDACTED]" and "Research Supreme Court case law involving [REDACTED]." Id. Such redactions allow a "judge who practiced law" to understand "whether the work was an appropriate basis for fees." Id. But when "billing entries have been so heavily redacted" that a court cannot "assess the reasonableness of the time expended," a reduction is appropriate. Shame On You Productions, Inc. v. Banks, 893 F.3d 661, 670 (9th Cir. 2018).

Not all of Defendant's entries provide sufficient information for the Court to judge their reasonableness. These entries tend to follow a "verb-[REDACTED]" pattern. As examples, some of Defendant's entries simply state "Reviewed [REDACTED]" or "prepare [REDACTED]" or "participate in [REDACTED]." (Renewed Metcalf Decl. Ex. A. at 5 ln. 107, 7 ln. 135, 10 ln. 208.) While lawyers may bill for "reviewing," "preparing," and "participating," the moving party must, at a minimum, demonstrate "the general subject matter of the billing." Nat'l Rifle Ass'n of Am. v. City of Los Angeles, No. 19-CV-03212, 2020 WL 13678741, at *8–*9 (C.D. Cal. Oct. 30, 2020) (excluding redacted time entries that state only "Conduct research re [REDACTED]" or "Meeting with TDC re [REDACTED]"); Kobos, 2010 WL 3943609, at *5 (declining to award fees for time records redacted as "Continue [Redacted]" and "Strategize regarding [Redacted]"). These entries do not provide sufficient detail for the Court to determine their reasonableness, and the Court will exclude them.

The Court will not reduce for entries where the redactions are minimal and it can ascertain the general subject matter of the entry or the reason for redaction. For example, "drafted [REDACTED] class certification portion of the motion" is a permissible redaction because it tells the court the general subject matter of the entry (drafting the MSJ).

Due to the hundreds of entries, the Court finds it appropriate to levy an across-the-board reduction of thirty-five percent due to the redactions, rather than review each entry individually.

To reach this figure, the Court assessed the percentage of the billed hours on a typical page of the billing records that were redacted. Following Defendant's lead, (Renewed Metcalf Decl. at 2 ¶ 6), if an entry was block-billed and contained multiple "tasks," the Court calculated the percentage of tasks that were excessively or completely redacted. Then, the Court multiplied that percentage by the billed hours for the entry (i.e., if an entry had five tasks, and two were redacted, and the entry billed for 5 hours, the Court would count 2 hours as redacted hours in its estimate). The Court then divided the redacted hours by the total hours billed to arrive at the percentage figure. The Court confirmed this figure by comparing it to other pages. Considering the level of redaction on some pages, the Court notes that thirty-five percent is a conservative estimate.

### B.   Block Billing

Plaintiff takes issue with Defendant's block-billing practice of including multiple tasks within a single time entry. (Renewed Opposition at 7.) Defendant argues that block billing is a more efficient mechanism of time keeping that billing separately. (Renewed Reply at 9.) Defendant claims that because "Counsel have been deemed responsible for *all* fees incurred during the Fee Period," the Court need not "back specific items out of block-billed entries referencing multiple items." (Renewed Reply at 8–9.)

Again, the Court mostly agrees a reduction is warranted. Here, the issue is not, as Defendants claim, that Defendants might be impermissibly billing for work for which it is not entitled to fees. Rather, as the Court stated in its previous order, it is concerned that Defendant is billing excessively for a straightforward case. (Order Denying Fees at 8–9.) As Defendant states, "the Court's only task is to evaluate the reasonableness of InComm's fees for the total work performed during the Fee Period." But as other courts in this Circuit have recognized, when the moving party block bills, "[t]here is no way to determine whether the time claimed for any particular task is reasonable because [the moving party] did not identify the fees or time associated with these tasks individually." Banas v. Volcano Coro., 47 F.Supp.3d 957, 968 (N.D. Cal. 2014). Because block billing inhibits the Court's ability to assess the reasonableness of Defendant's requested fees, a reduction is appropriate.

The Ninth Circuit has affirmed a district court's authority to reduce fees for block billing anywhere from ten to thirty percent. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007); Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1223–23 (9th Cir. 2010). Considering the Court's previous observations about the excessive amount of total fees

requested and the relative simplicity of this case, it finds a reduction at the high end of the range—thirty percent—appropriate.

Excluding the redacted entries, the Court finds that roughly seventy percent of the remaining hours are block-billed. Following a similar process to redaction, the Court examined a typical page of the billing records. The Court excluded the redacted entries,[2] and estimated the percentage of unredacted hours that appeared in block-billed entries.

The Court reduces seventy percent of the bill for the unredacted entries by thirty percent.

### C.     Duplicative or Excessive Billing

Plaintiff's Counsel argues that much of Defendant's billing is duplicative or excessive, specifically pointing to time preparing for the Strauser Deposition, working on discovery, preparation of the motion to deny class certification, conducting clerical tasks, and other allegedly duplicative or excessive billing. Defendant argues that the Court should not "second-guess[]" its staffing judgments. (Renewed Reply at 9.)

The Court acknowledges that "determining whether work is unnecessarily duplicative is no easy task." Moreno, 534 F.3d at 1112. And courts are generally discouraged from second-guessing staffing decisions. Id. at 1114-15. Specifically, using multiple lawyers on a case is both generally permissible and quite common. Id.; Mardirossian v. Guardian Life Ins. Co. of America, 457 F. Supp. 2d 1038, 1050 (C.D. Cal. 2006). But the moving party should not be given free rein to overstaff a case. Unnecessarily duplicative work must still be deducted from a fee award. Moreno, 534 F.3d at 1112.

Here, as noted above, Defendant's redactions and block-billed entries make it difficult to assess how much work is duplicative or solely due to clerical work. For those redacted or block-billed records, the Court has either excluded them or levied a reduction. The Court views those reductions as sufficient to cover any inflation alleged by Plaintiff.

For the remaining entries (thirty percent of the unredacted hours), the Court finds a reduction of ten percent is appropriate. Moreno, 534 F.3d at 1112.

### D.     Total Awarded Fees

To summarize, the Court excludes thirty-five percent of Defendant's requested attorneys' fees ($741,032.56) due to redactions. Of the unredacted amount (sixty-five percent of Defendant's requested amount), seventy percent is reduced by thirty percent for block billing

---

[2] To avoid any double reductions, in arriving at its estimate, if an entry only contained two tasks, and one was previously excluded as redacted, the Court did not mark the entry as a block-billed entry.

and the remaining thirty percent is reduced by ten percent for excessive billing. Applying those deductions, the Court grants Defendant fees in the amount of $366,034.08.[3]

### IV.   CONCLUSION

For the reasons established above, the Court **GRANTS-IN-PART** Motion. The Court awards Defendant attorneys' fees to be paid by Plaintiff's Counsel in the amount of **$366,034.08.** The Court **GRANTS** Defendant's Application to File Under Seal (Dkt. No. 190) and Plaintiff's Counsel's Application to Conditionally File Under Seal (Dkt. No. 192). The hearing set for November 18, 2024 is **VACATED.**

**IT IS SO ORDERED.**

---

[3] The relevant calculations are as follows:
- $741,032.56 (requested amount) * 0.65 (thirty-five percent reduction for redaction) = $481.671.16 (unredacted amount)
- $481,671.16 (unredacted amount) * 0.7 (percentage of unredacted entries that are block-billed) * 0.7 (thirty percent reduction for block billing) = $236,018.87 (awarded fees for unredacted-block-billed value)
- $481,671.16 (unredacted amount) * 0.3 (percentage of unredacted entries that are not block-billed) * 0.9 (ten percent reduction for excessive billing) = $130,051.21 (awarded fees for unredacted-not-block-billed value)
- $236,018.87 (awarded fees for unredacted-block-billed value) + $130,015.21 (awarded fees for unredacted-not-block-billed value) = $366,034.08